[No. 20347.  In Bank. — November 5, 1887.]

## THE PEOPLE, RESPONDENT, *v.* ALEXANDER GUTIERREZ, APPELLANT.

CRIMINAL LAW — PETIT LARCENY, SECOND OFFENSE — FELONY. — The crime of petit larceny, second offense, being punishable by imprisonment in the state prison not exceeding five years, is a felony, and is properly designated as such in an information therefor. The superior court has jurisdiction of such offense.

ID. — PLEA OF NOT GUILTY. — Under an information for petit larceny, which also charges a prior conviction of a like offense, a plea of "not guilty of the offense charged" puts in issue the principal offense, and also the charge of prior conviction.

ID. — RECENT POSSESSION OF STOLEN PROPERTY — INSTRUCTIONS. — On a trial for petit larceny, the court, at the request of the prosecution, instructed the jury that "if the defendant was in recent possession of the stolen goods, the law raises the presumption that he is the thief, and this possession, if not competently explained by the defendant, is conclusive evidence of his guilt." Subsequently, at the request of the defense, the court charged "that the possession of stolen property, although a circumstance in determining the guilt of the defendant, is not alone sufficient to convict," and that "the possession of stolen articles soon after the missing of the same is an insufficient circumstance upon which to convict." *Held*, that the first instruction was erroneous, and that the error was not cured by the subsequent instructions, as read together the instructions, in effect, charged that the recent possession of stolen goods raises a presumption of guilt, although not sufficient to convict.

LXXIV CAL.—6

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order refusing a new trial.

The defendant was accused by an information "of petit larceny, after having been previously convicted of the crime of petit larceny, as follows: The said Alexander Gutierrez, on the thirty-first day of May, 1887, at the said county of Santa Barbara, and before the filing of this information, one cloth ready-made man's vest, of the value of three dollars, of the property of J. Davis, previously did steal, take, and carry away; and the district attorney aforesaid does further accuse the aforesaid Alexander Gutierrez of having been, before the commission of the felony hereinbefore charged, to wit, on the twenty-first day of December, 1885, duly convicted of petit larceny before W. J. Haverly, a justice of the peace, having then and there competent authority in the premises, contrary," etc. At the time of his arraignment, the defendant was asked his plea to the whole information, to which he pleaded "not guilty of the offense charged." The verdict of the jury was in the following form: "We, the jury, find the defendant guilty, and we find the charge of previous conviction true." Upon the return of the verdict, the defendant moved in arrest of judgment, on the grounds that the court had no jurisdiction; that the defendant was not properly arraigned, as he did not separately plead to both charges in the information; and that the information, in so far as the second charge is concerned, charges a greater crime than mentioned in the first charge. The court denied the motion, and subsequently sentenced the defendant to imprisonment in the state prison for two years. The further facts are stated in the opinion of the court.

*John J. Stephens,* for Appellant.

There being two offenses charged in the information, the defendant should have been allowed to plead to both

of them.   Not having pleaded to the charge of previous
conviction, he was on trial before the superior court on
the charge of petit larceny, a crime over which that
court has no jurisdiction. (Pen. Code, secs. 1016, 1017;
Const., art. 6, sec. 5; Code Civ. Proc., sec. 115; *Ex parte
Wallingford,* 60 Cal. 103; *Gafford* v. *Bush,* 60 Cal. 149;
*People* v. *King,* 64 Cal. 339; *Ex parte Young Ah Gow,* 73
Cal. 438.)   The instructions of the court were errone-
ous and misleading, as the possession of stolen property,
although a circumstance to be considered in determin-
ing the guilt of the defendant, is not alone sufficient to
convict.   (*People* v. *Beaver,* 49 Cal. 57; *People* v. *Clough,*
59 Cal. 441; *People* v. *Getty,* 49 Cal. 581; *People* v. *Gassa-
way,* 23 Cal. 51; *People* v. *Gill,* 45 Cal. 285.)

*Attorney-General Johnson,* and *S. S. Price,* for Respond-
ent.

The crime of petit larceny, second offense, being pun-
ishable by imprisonment in the state prison not exceed-
ing five years, is a felony, and was properly designated
as such in the information. (Pen. Code, sec. 667, subd.
3.)   The defendant's plea to the whole charge was
proper. (*People* v. *Lewis,* 64 Cal. 403; *People* v. *King,* 64
Cal. 338.)

TEMPLE, J.— The exceptions to the information do
not seem to be well founded.   The procedure was in ac-
cordance with the case of *People* v. *Lewis,* 64 Cal. 401,
and with recent decisions of this court. (*Ex parte Young
Ah Gow,* 73 Cal. 438.)

The court instructed the jury, at the request of the pros-
ecution, as follows: "The jury is instructed that, if the
defendant was in recent possession of the stolen goods,
the law raises the presumption that he is the thief; and
this possession, if not competently explained by the de-
fendant, is conclusive evidence of his guilt." This in-
struction is plainly erroneous.   The effect of testimony

is a question for the jury, and not for the court, although this court has held of this precise testimony, — inconsistently with the general rule, perhaps, — that it is not sufficient to justify a verdict of guilty. Then, beside assuming that the goods were stolen, the instruction states that the defendant must explain the recent possession, ignoring the proposition that the evidence of the prosecution itself may afford such explanation in whole or in part.

The instructions given at the request of the defense, however, were as follows: " 1. The possession of stolen property, although a circumstance in determining the guilt of the defendant, is not alone sufficient to convict; 2. The possession of stolen articles soon after the missing of the same is an insufficient circumstance upon which to convict the defendant." These instructions are clearly in conflict with that given at the request of the prosecution. The point was material, and read together, the jury would still be left in doubt as to the law. If we suppose the jury took the instructions given at the request of the defendant as the correct statement of the law, still it leaves that portion of the instruction given at the instance of the prosecution to stand which is not in conflict with that asked for by the defense to stand. The effect of this would be to instruct the jury that the recent possession of stolen goods raises a presumption of guilt, although not sufficient to convict. This is still a charge as to the value and effect of evidence.

We see no material error in the other instructions of the court.

Judgment reversed, and cause remanded for a new trial.

SEARLS, C. J., McFARLAND, J., SHARPSTEIN, J., PATERSON, J., THORNTON, J., and McKINSTRY, J., concurred.