STATE, Respondent, *v.* SLOAN, Appellant.

(No. 2,402.)

(Submitted April 9, 1907.  Decided April 20, 1907.)

(89 Pac. 829.)

*Criminal Law—Grand Larceny—Instructions—Reversible Error —Definition of Crime—Credibility of Witnesses—Invasion of Province of Jury.*

Criminal Law—Appeal—Evidence—Record—Instructions.
    1.   Where the record on appeal in a criminal cause does not contain a bill of exceptions or statement of the case embodying any of the evidence, instructions complained of as erroneous must have been so under any conceivable state of facts which the evidence introduced at the trial tended to establish, in order to overcome the presumption in favor of the district court's action in submitting them and to warrant a reversal.

Same—Prejudice—Presumption of Error.
    2.   While prejudice will be presumed where error is affirmatively shown, the supreme court in a criminal appeal will not presume error.

Same—Grand Larceny—Defective Definition of Crime—Erroneous Instructions.
    3.   An instruction given in a prosecution for grand larceny, which simply defined the crime in the words of the statute, and which was not aided by appropriate language in other paragraphs of the charge supplementing the definition so as to include the necessary element of felonious or criminal intent, was erroneous. (*State* v. *Allen,* 34 Mont. 403, 87 Pac. 177.)

Same—Defective Definition of Crime—Instructions.
   4.  Nor was the vice in the foregoing instruction cured by the use
   of the words "steal" and "larceny," used synonymously, since they
   could not have been understood by the jury as having any broader
   import than that given to the term "larceny" in the definition.
Same—Instructions—Credibility of Witnesses.
   5.  It is error to instruct the jury in a criminal case, on the
   question of the credibility of witnesses, that important and striking
   contradictions should be attributed to willful perjury rather than to
   the fault of inattention or defect of memory.  (*State* v. *Allen*, 34
   Mont. 403, 87 Pac. 177.)
Same—Instructions—Credibility of Witnesses.
   6.  The statement, in an instruction given in a criminal cause, that
   coincidence in all points of the stories of different witnesses always
   engenders a suspicion of practice and concert, and therefore gives
   rise to the imputation of perjury, was error.  (*State* v. *Allen*, 34 Mont.
   403, 87 Pac. 177.)
Same—Grand Larceny—Instructions—Invasion of Province of Jury.
   7. ˙For the district court to give expression, in its charge to the
   jury, to its assumption that a witness in a prosecution for grand
   larceny was the accomplice of the defendant, was an invasion of
   the province of the jury, since it impliedly told them that defendant
   was guilty of the crime charged as principal.  (*State* v. *Allen*, 34
   Mont. 403, 87 Pac. 177.)
Same—Instructions—Value of Circumstantial Evidence.
   8.  In a criminal cause the district court, in charging the jury upon
   the value of circumstantial evidence, should refrain from saying that
   conviction should follow if such evidence convinces their "guarded
   judgment," since it may mislead the jury, even though in other in-
   structions the rule be properly stated.  (*State* v. *Allen*, 34 Mont. 403,
   87 Pac. 177.)

*Appeal from District Court, Gallatin County.  W. R. C.
Stewart, Judge.*

ROLAND T. SLOAN was convicted of grand larceny and appeals
from the judgment.   Reversed and remanded.

*Mr. J. L. Staats,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poor-
man,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

The defendant was convicted of the crime of grand larceny,
and has appealed from the judgment condemning him to a term

in the state prison. A reversal of the judgment is sought upon alleged errors in certain of the instructions submitted to the jury. No bill of exceptions or statement of the case embodying any of the evidence accompanies the record. Hence, under the settled rule that, in order to overcome the presumption in favor of the action of the trial court, the party alleging error must affirmatively show it, our inquiry must be limited to a determination of the question whether the instructions complained of are erroneous upon any supposable state of facts which the evidence introduced at the trial tended to establish. (*State* v. *Mason,* 24 Mont. 340, 61 Pac. 861, and cases cited.) This court may not presume error, even though, under the rule heretofore uniformly observed, it will presume prejudice where error is affirmatively shown. With none of the facts before it to illustrate or point the particular exceptions, it must presume that the facts justified every part of the charge, unless it is manifest that it was wrong in any particular under any conceivable state of facts.

The portions of the charge to which special objection is made are paragraphs 2, 4, 12, 17 and 18. All of these instructions are substantially identical with the instructions considered by this court in *State* v. *Allen,* 34 Mont. 403, 87 Pac. 177, and all of them were held in that case to be prejudicially erroneous, except paragraph 12, which deals with the value of circumstantial evidence. The discussion of them in paragraphs 7, 8, 9, and 10 of the opinion in that case is referred to as entirely applicable here, since the objections urged in that case are the same as those now urged, and it will not be necessary to quote and discuss them here.

The errors in 2, 4, 17, and 18 are pointed out in paragraphs 7, 8, and 10 of the opinion. What is said of instruction 12 is found in paragraph 9. Of this it is said, in substance, that it is not a clear statement of the law, yet not so inaccurate as to be prejudicially misleading, when read in connection with other instructions on the same subject. If this were the only error complained of here, we should, in view of the other instructions submitted, be inclined to hold it not prejudicially erroneous.

Are instructions 2, 4, 17, and 18 erroneous upon any supposable state of facts? We think they are. Instruction No. 2 defines the crime of grand larceny in the words of the statute. This definition does not include the element of felonious or criminal intent, nor is it aided in this respect by appropriate language expressive of this idea in other parts of the charge. It is true the words "larceny" and "steal" are both used in paragraphs 13 and 14 of the charge and elsewhere, but it is apparent that they are used synonymously; and, since they are referable for the sense in which they were used to the court's definition of the term "larceny," they could not have been understood by the jury as having any broader import than is given to the term "larceny" in the definition. The case of *State* v. *Rechnitz,* 20 Mont. 488, 52 Pac. 264, is directly in point, and we can conceive of no state of facts wherein the definition, unaided by other supplemental or explanatory instructions, should not be held to have been prejudicially erroneous.

So, no condition of facts proven at the trial could justify the giving of instruction No. 4, wherein, as we read it, the rule is laid down that important and striking contradictions in the statements of the different witnesses who testified at the trial should be attributed to deliberate perjury, rather than to the fault of inattention or defect of memory, and coincidence in all points of the stories of different witnesses always engenders a suspicion of practice and concert, and therefore gives rise to the imputation of perjury. Of this instruction it was also stated in *State* v. *Allen, supra,* that we had not found a similar statement of the law approved by any court or text-writer. In the brief of the attorney general attention is called to the fact that an instruction almost identical with the one before us may be found in paragraph 873 of volume 2 of Blashfield's Instructions to Juries. It is also said that it was approved as a correct statement of the law by the supreme court of Iowa in *State* v. *Shelledy,* 8 Iowa, 477. By referring to *State* v. *Shelledy* it will be found that, though the instruction was submitted to the jury upon the trial of the case, there is no reference to it in the

opinion of the court, and, evidently, it was not criticised or discussed by counsel.

In discussing instructions similar to 17 and 18 in *State* v. *Allen, supra,* this court said: "To assume that there is an accomplice is an assumption that a crime has been committed and that there is a principal; for there can be no accomplice without a crime and a principal. Therefore the assumption that Maxwell was an accomplice was an assumption of defendant's guilt of the crime charged."

The larceny charged in this case was apparently one of several larcenies shown to have been committed by Allen and his associates in the case of *State* v. *Allen.* In instructions 17 and 18 the court assumed that Maxwell, the same witness who is referred to in *State* v. *Allen* as the accomplice of Allen, was the accomplice of Sloan also. The court may not in any case where a defendant is on trial for a crime, upon his plea of not guilty, proceed upon the assumption that the defendant is guilty, but must submit the question of his guilt to the jury, without expressing any opinion thereon. Upon the assumption that there was evidence tending to show that Maxwell was an accomplice with the defendant in the crime with which he was charged, it it was for the jury to say what the fact was, and it was a direct invasion of their province for the court to assume the fact as proven. If a court may assume that the defendant is guilty, it may tell the jury so. If it may tell the jury so, it may instruct the jury to bring in a verdict of guilty. This, as was pointed out in *State* v. *Koch,* 33 Mont. 490, 85 Pac. 272, the court may never do, because to do so would be a violation of the constitutional right of the defendant to have his case submitted to and passed upon by the jury.

Fault was found with other instructions submitted to the jury, but we do not deem them of sufficient merit to require special notice.

For the reasons stated, the judgment is reversed, and the cause remanded for a new trial.        *Reversed and remanded.*

Mr. Justice Holloway and Mr. Justice Smith concur.