STATE, RESPONDENT, *v.* MCLEOD, APPELLANT.

(No. 2,403.)

(Submitted April 9, 1907.   Decided April 20, 1907.)

(89 Pac. 831.)

(See, also, paragraphs 2, 3, 4 and 6 of syllabus in *State v. Sloan, ante.*
p. 367.)

*Criminal Law—Instructions—Evidence—Weight to be Given to
Affirmative and Negative Testimony.*

> 1.   An instruction, given in a criminal prosecution, that, other things
> being equal, "affirmative testimony is in general entitled to more
> weight than negative testimony," was vague and indefinite, in that
> it failed to point out what character of testimony was to be weighed
> under the rule stated and what attendant facts and circumstances
> should be considered.   As a general rule, such an instruction should
> not be given without careful qualification with reference to the
> attendant circumstances; and the safer practice is to submit the· evi-
> dence, under general instructions, and allow the jury to weigh and
> test it according to the ordinary rules.

*Appeal from District Court, Gallatin County; W. R. C.
Stewart, Judge.*

GRANT MCLEOD, convicted of grand larceny, appeals from
the judgment condemning him to a term of imprisonment in
the state prison.   Reversed and remanded.

*Mr. J. L. Staats,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poor-
man,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

The defendant was convicted of grand larceny and has ap-
pealed from the judgment condemning him to a term of im-
prisonment in the state prison.   He complains of errors in the
instructions.

Paragraphs 2, 11 and 14 of the charge submitted to the jury are substantially identical with paragraphs 2, 4 and 12 of the charge given in the case of *State* v. *Sloan* (just decided), *ante,* p. 367, 89 Pac. 829. That case is conclusive of this. For the reasons stated therein, and upon the authority of *State* v. *Allen,* 34 Mont. 403, 87 Pac. 177, the judgment must be reversed.

Paragraph 8 of the charge is as follows: "You are instructed as a matter of law that, if other things are equal, affirmative testimony is in general entitled to more weight than negative testimony; that is, a witness who testifies that he saw a certain thing is entitled to more credit than a witness who testifies that he did not see the thing, if such witness giving such affirmative testimony has not been impeached."

It is often the case that a positive statement by a witness that a particular event, which is in question, occurred, is entitled to more weight than a negative statement by another that it did not occur. But this is not always so. It frequently happens that, where both witnesses are otherwise equally credible, the negative statement is entitled to as much weight as the positive statement, owing to the superior means of observation possessed at the time by the witness making the negative statement. So, again, it is frequently the case that a statement, negative in form, is a positive statement of a fact. The credibility of a witness in such case does not depend at all upon the form in which the statement is made, but upon the apparent truthfulness, intelligence, interest, and other like considerations that go to his credit. In other words, his evidence, though negative in form, must be tested by the general rule applicable to determining the weight of testimony. In general, it may be said that so much depends upon the circumstances of the particular case that no general rule on the subject can be laid down, further than to say that a trial court should not instruct the jury that positive testimony is entitled to greater weight than negative testimony, without careful qualification with reference to the attendant circumstances. (2 Elliott on Evidence, sec. 697; 17 Cyc. 801-805, and cases cited.)

While we cannot say, in the absence of the evidence introduced at the trial, that the instruction complained of was prejudicially erroneous, it is vague and indefinite, in that it fails to point out what character of testimony is to be weighed under the rule, and what attendant facts and circumstances should be considered. Under it the jury were left to determine for themselves whether evidence merely negative in form was in fact negative testimony within the rule, and in this respect the instruction was probably misleading. It is safer in such cases to submit the evidence to the jury under general instructions as to the weight to be given to the statement of each witness and allow them to weigh and test it according to the ordinary rules.

The judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.