STATE, RESPONDENT, *v.* GORDON, APPELLANT.

(No. 2,419.)

(Submitted May 17, 1907. Decided May 27, 1907.)

[90 Pac. 173.]

*Criminal Law—Robbery—Appeal—Record—Bill of Exceptions —Information—Objections—Prior Convictions—Instructions —Verdict.*

Criminal Law—Appeal—Record—Bill of Exceptions.

1. Alleged error on the part of the district court in refusing to hear evidence, offered by defendant in a criminal prosecution upon his chal-

lenge to the jury panel, will not be reviewed on appeal unless presented by bill of exceptions.

Same—Information—Prior Convictions—Objections—Bill of Exceptions.

2. An objection to the form in which a prior conviction is pleaded in an information can only be raised by demurrer, which in turn, in order to be reviewable on appeal, must be presented by a bill of exceptions.

Same—Information—Prior Convictions—Objections—Waiver.

3. The defendant in a criminal proceeding will be deemed to have waived any objection to the manner in which prior convictions had been pleaded in the information, where it does not appear from the record by bill of exceptions that any demurrer to the information had been interposed.

Same—Arraignment—Amended Information—Record—Sufficiency.

4. Where the record in a criminal appeal showed that it was only after the filing of an amended information that a warrant was issued, and that thereafter, when called upon to plead, the defendant interposed a demurrer to this amended information, and, upon overruling thereof, pleaded not guilty, it was sufficient to disclose that defendant had been arraigned on the amended information and not on the original one, which latter had become *functus officio* by reason of the filing of the amended paper.

Same—Arraignment—Reading of Information—Waiver.

5. Where defendant, charged with the commission of a crime, accepts a copy of the information, takes time to plead, and afterward enters a plea to the merits and goes to trial, he waives the reading of the information.

Same—Information—Prior Convictions—Plea of Not Guilty—Effect.

6. Under Penal Code, section 1943, the plea not guilty of the offense charged in an information puts in issue allegations of prior convictions as well as the other allegations therein contained, and, therefore, defendant's contention that, never having pleaded to the charge of prior convictions, no issue was raised as to that allegation has no merit.

Same—Prior Convictions—Faulty Instruction—When not Prejudicial.

7. Where the defendant, charged with robbery and prior convictions, was found guilty of robbery, he suffered no prejudice by the statement of the court in an instruction that, if the jury found the defendant not guilty of that crime, it would not be necessary for them to find upon the question of prior convictions, instead of charging positively, as it should have done, that in that event the question of prior convictions should not be considered.

Same—Prior Convictions—Informal Verdict—Prejudice.

8. For a mere informality in the wording of a verdict finding the defendant guilty of robbery and also "guilty of prior convictions," instead of following the language of section 2146 of the Penal Code, and saying "we find the charge of previous conviction true," the judgment of conviction will not be reversed, since this provision is directory only and the verdict in question substantially conformed to it, and further in view of sections 2320 and 2600 of the same Code, which provide that mere technical errors not affecting the substantial rights of the defendants shall not be deemed grounds for a reversal.

Same—Technical Error—Prejudice—Statutes.

9. *Quaere:* Was the rule, that "error appearing, prejudice will be presumed," as announced prior to the adoption of the Codes in 1895, abrogated by sections 2320 and 2600 of the Penal Code, which declare the law to be that no judgment shall be held invalid for mere technical errors not affecting the substantial rights of the defendant?

Same—Instructions—Request.

10. Under section 2070 of the Penal Code, as amended by Laws of 1901, page 173, appellant, convicted of crime, will not be heard to complain of instructions in which the court made reference to the information in stating the facts, instead of making an independent statement of the case. If the instructions given did not appear satisfactory to defendant, he should have requested others more fully covering the matter deemed faulty.

Same—Instructions—Assumption of Fact.

11. An instruction in a criminal case, in the language of the Penal Code, section 21, that the intent is manifested by circumstances connected with the offense, etc., was not objectionable, the expression "the offense" having reference to the crime charged in the information, and, therefore, not being subject to the criticism that it assumed that in fact a crime had been committed.

Same—Instructions—Assumption of Fact—When not Reversible Error.

12. Where the record on appeal in a criminal case contained none of the evidence introduced at the trial, but only those proceedings which fall under the technical designation "record of the case" or "judgment-roll," as defined by Penal Code, section 2229, as modified by Act of 1903, page 47, an instruction which, by the use of the terms "at the time of the commission of the crime," "when the crime was committed," and "at the time and place of the commission of the crime," virtually assumed that a crime had in fact been committed and might have constituted reversible error if the evidence were up for review, was not such in the absence of the evidence from the record, since the defendant in open court may voluntarily have admitted the fact thus assumed by the court.

Same—Admissions.

13. Obiter: One charged with crime may upon his trial admit that the offense was in fact committed at the time and place mentioned in the information, and thereafter he is bound by such admission.

Appeal—Error—Presumptions.

14. Error on the part of the district court will not be presumed, but every presumption attaches in favor of its action.

Appeal from District Court, Silver Bow County; Michael Donlan, Judge.

WILLIAM GORDON, convicted of robbery and former convic- tions, appeals from the judgment. Affirmed.

Messrs. Maury & Hogevoll, for Appellant.

The defendant had the right to plead and to be arraigned on the accusations of former convictions. (People v. Noon, 1 Cal. App. 44, 81 Pac. 746; see, also, People v. Myer, 73 Cal. 548, 15 Pac. 95; Bandy v. Hehn, 10 Wyo. 167, 67 Pac. 979; Ex parte Young Ah Gow, 73 Cal. 451, 15 Pac. 76; People v. Gaines, 52 Cal. 479.) The allegations in the information of previous con-

victions should come strictly within section 1232 of the Penal Code, and should show that said previous convictions were for felonies, unless the previous convictions were for petit larceny. (*People* v. *Sickles,* 52 N. E. 289.)

We also contend that this information should set out that the court that convicted the defendant in the state of Utah should have been alleged in the information to be a court that had jurisdiction over that class of crimes.    (Bishop's New Criminal Procedure, secs. 722, 724.)

The court erred in giving instructions Nos. 11 and 15.    The court therein assumed that the crime had been committed.    This was an invasion of the province of the jury.    (*People* v. *Roberts,* 122 Cal. 377, 55 Pac. 137; *White* v. *State,* 21 Tex. App. 339, 17 S. W. 727.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On October 27, 1905, the county attorney of Silver Bow county filed in the district court an information charging the defendant, Gordon, with the crime of robbery.    Subsequently, on February 13, 1906, by leave of court an amended information was filed, charging the defendant with the crime of robbery and also pleading the former conviction of the defendant of each of four separate offenses, three of which convictions were had in the then territory of Utah, and one of them in this state.    Upon the same day a bench warrant was issued.    The minutes of the court show that on February 14th the defendant appeared in open court for arraignment, gave his true name as William Gordon, waived the reading of the information, accepted a copy, and was given until February 17th to plead; that on February 17th he interposed a motion to strike out portions of the information, and, this being denied, a demurrer to the amended information was filed, and submitted, and overruled, whereupon the

defendant entered his plea of not guilty to the offense charged; that the cause was called for trial on March 19th whereupon the defendant interposed a challenge to the panel of jurors, which challenge was denied by the county attorney; that the defendant then asked for an order of court that witnesses be subpoenaed to testify in his behalf as to the matters set forth in his challenge; that this was denied, and an exception taken.

The jury returned a verdict finding the defendant guilty of robbery, and also found the defendant "guilty of prior convictions," as charged in the information. Upon the verdict a judgment was entered, which fixed the defendant's punishment at imprisonment in the penitentiary for a term of fifteen years. From that judgment the defendant appealed.

Some of the assignments of error in the brief do not seem to be argued. Some contention is made in paragraph 4 of the brief that the court erred in refusing to hear evidence upon the challenge to the panel of jurors. But this matter is not presented by a bill of exceptions, and is therefore not before the court. The same may be said of the argument contained in paragraphs 2 and 5 of the brief. In paragraph 2, objection is made to the form in which the prior conviction is pleaded in the information; but an objection of this character can only be raised by a demurrer, and the demurrer can only be presented in this court by a bill of exceptions. (Laws of 1903, p. 47; *State* v. *Stickney,* 29 Mont. 523, 75 Pac. 201.)

In paragraph 5 of appellant's brief it is said: "(5) The court erred in not limiting the instructions to the pleading in the case; there being no proper charges of prior convictions of counterfeiting nor any proper charges of any other prior conviction. * * *" There is not any contention made, however, that the information does not state facts sufficient to constitute a public offense, or that it does not show that the court had jurisdiction of the person of the defendant and of the offense charged; and all other objections to the information must be raised by demurrer, or by motion in arrest of judgment, in case a demurrer has been interposed and overruled, or they are deemed

waived. (Pen. Code, secs. 1930, 2200.) As it does not appear from this record by bill of exceptions that any demurrer was ever interposed, the defendant will be deemed to have waived the objection now urged.

1. It is said that the record fails to show that the defendant was arraigned on the amended information. The record is not very definite, but we are inclined to hold that it is sufficient. It does appear that it was only after the amended information was filed that a warrant was issued, and that thereafter, when called upon to plead, the defendant interposed a demurrer to the amended information, and, this being overruled, he entered a plea of not guilty. The amended information superseded the original, and when the record recites that, after the demurrer was overruled, the defendant pleaded not guilty of the offense charged in the information, there cannot be any question but what the reference in the court's minutes is to the amended information, which was in fact the only information in the case at that time·, the original having become *functus officio* by reason of the filing of the amended information. That the defendant may waive the reading of the information is well settled, particularly where he accepts a copy, takes time to plead, and afterward enters a plea to the merits and goes to trial. For a discussion of this subject generally, see 12 Cyc. 347, and cases cited.

But it is said that the defendant was never required to plead to the charge in the information that he had previously been convicted of certain offenses. The contention is that the defendant's plea only put in issue the question of his guilt of the crime of robbery, and that, never having pleaded to the charge of prior convictions, no issue was raised as to that charge. As to whether the plea of not guilty puts in issue the allegations of prior conviction, as well as the other allegations relating to the particular offense charged, there is some conflict in the authorities. That the plea of not guilty does not traverse the allegations of prior convictions seems to be the holding of the court of appeals of Virginia. (*Thomas* v. *Commonwealth,* 22

Gratt. 912.)     But sections 1940 and 1943 of our Penal Code provide:

"Sec. 1940.    There are four kinds of pleas to an indictment or information: A plea of—1. Guilty.  2. Not guilty.  3. A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty.  4. Once in jeopardy."

"Sec. 1943.    The plea of not guilty puts in issue every material allegation of the indictment or information."

Our theory of our statute relating to successive offenses is that the allegation of prior conviction is a part of the charge relating to the principal offense for which the defendant is on trial, at least to the extent of aggravating it and increasing the penalty which may be prescribed in case of conviction, and is not in any sense a distinct charge in the information.  (*People* v. *Boyle,* 64 Cal. 153, 28 Pac. 232.)    This is borne out by the fact that the same Code which authorizes such pleading particularly requires in section 1836 of the Penal Code that the information shall charge but one offense.    It seems to us, therefore, that, since the information in this case charges but one offense, the allegations with reference to the defendant's prior convictions are material allegations for describing the one offense charged, to-wit, robbery under these aggravated circumstances mentioned, and therefore the plea of not guilty puts in issue every one of such allegations, under the provisions of section 1943 above.    (12 Cyc. 951.)

In *People* v. *Lewis,* 64 Cal. 401, 1 Pac. 490, the defendant was indicted for the crime of grand larceny, and the indictment also charged the prior conviction of a like offense.    The defendant pleaded "not guilty to the offense charged in the indictment," and the court held that this was sufficient.    This was approved in *People* v. *Brooks,* 65 Cal. 295, 4 Pac. 7, in *People* v. *Gutierrez,* 74 Cal. 81, 15 Pac. 444, and in *People* v. *Wheatley,* 88 Cal. 114, 26 Pac. 95.    We are not able to find anything in conflict with these decisions in the other cases cited by appellant from Cal-

ifornia, or in *Bandy* v. *Hehn*, 10 Wyo. 167, 67 Pac. 979, or in *State* v. *De Wolfe*, 29 Mont. 415, 74 Pac. 1084.

Under the provisions of our Code cited above, and upon reason and the weight of authority, we hold that the plea of not guilty of the offense charged puts in issue the allegations of prior convictions, as well as the other allegations in the information.

2. In instruction No. 17 the court, among other things, told the jury that, if they found the defendant not guilty of the offense charged, it would then not be necessary for them to find upon the question of prior convictions; but, if they found the defendant guilty of the crime of robbery, then they must say in their verdict whether or not they found the defendant guilty of prior convictions. But the court corrected itself, so far as the mode of expression was concerned, in the concluding paragraph of the instruction, which is as follows: "The jury will understand that, if they find the defendant guilty of the crime of robbery as charged in this information, it must be distinctly stated in your verdict either that you find the charges of prior convictions, or either or any of them, true, or that you find the charges of prior convictions, or either or any of them, not true."

Objection is made to the language employed by the court in saying to the jury that, if they found the defendant not guilty of robbery, then it would not be necessary for them to find upon the question of prior conviction; and it is said that the court should have directed the jury positively not to consider the question of prior convictions in case they found the defendant not guilty, and we think this should have been done. But, since the jury found the defendant guilty of robbery, we fail to see wherein he was injured by the language employed by the court.

It is true that the verdict is informal in finding the defendant guilty of prior convictions, instead of following the language of the Penal Code, which is: "We find the charge of previous conviction true." (Section 2146.) The informality in the verdict is doubtless the result of the loose expressions found in instruction No. 17. But this informality is really of no moment. The

verdict does not find that the defendant was actually guilty of the several offenses mentioned, or any of them, but only finds that in fact the defendant had previously been convicted of them. The statutory provision found in section 2146, above, is not mandatory, but directory merely. We think the verdict returned substantially conforms to it. At least, this judgment should not be reversed for such an error, if error it is; particularly so in view of sections 2320 and 2600 of the Penal Code, which provide:

"Sec. 2320. After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties."

"Sec. 2600. Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

The rule adopted by this court in territorial days, that, "error appearing, prejudice will be presumed," has been reiterated in some of our late decisions, but probably without due consideration. It is an open question whether that rule was not abrogated, or at least modified to some extent, by the adoption in 1895 of sections 2320 and 2600 above.

3. Criticism is made of certain instructions given by the court, in which reference is made to the information; and it is said that the instructions should be based upon the court's independent statement of the case, and the jury should not be referred to the information to ascertain what the facts of the case are, and *Territory* v. *Baca,* 11 N. Mex. 559, 71 Pac. 460, is cited in support of this contention. But in New Mexico they have a statute which provides: "It is hereby made the duty of the court in all cases, whether civil or criminal, to instruct the jury as to the law of the case, and a failure or refusal so to do shall be sufficient grounds for reversal of the judgment by the supreme court upon appeal or writ of error." It would seem from this

statute that it is made the duty of the court to fully instruct the jury, whether requested to do so or not, and the conclusion reached by the supreme court of New Mexico seems clearly correct under that statute. But such is not the law in this state.

Section 2070 of the Penal Code, as amended by Laws of 1901, page 173, in force at the time of the trial of this case, among other things provides: "When the evidence is completed, if either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party, or his attorney, asking the same, and delivered to the court, whereupon counsel shall be given reasonable opportunity to argue to the court any instructions offered by counsel or proposed by the court to be given to the jury. The court shall either give each instruction, as requested, or positively refuse to do so, or give the instruction with a modification," etc. It is well settled in this state that, if a party is not satisfied with an instruction proposed to be given, he must submit an instruction which more fully covers the particular matter, or he cannot be heard to complain, unless the instruction given be inherently wrong. (*Territory* v. *Hart,* 7 Mont. 489, 17 Pac. 718; *Territory* v. *Manton,* 8 Mont. 95, 19 Pac. 387; *State* v. *Broadbent,* 19 Mont. 467, 48 Pac. 775.)

4. Finally it is insisted that the court erred in giving instructions 11 and 15. No. 11 is an exact copy of section 21 of the Penal Code. This is a general rule applicable to criminal cases, and does not presuppose that in fact a crime has been committed. It merely provides a rule for the guidance of the jury in determining whether in fact there was any criminal intent involved in the act complained of in the information. The reference to "the offense" is to the offense charged in the information. (*State* v. *Keerl,* 29 Mont. 508, 101 Am. St. Rep. 579, 75 Pac. 362.)

Instruction No. 15 is as follows: "The jury are instructed that one of the defenses interposed by the defendant in his case is what is known as an *alibi;* that is, that the defendant was at another place at the time of the commission of the crime.

The court instructs the jury that such defense is as proper and legitimate, if proven, as any other, and all evidence bearing upon that point should be carefully considered by the jury. If, in view of all the evidence, the jury have a reasonable doubt as to whether the defendant was in some other place when the crime was committed, they should give the defendant the benefit of the doubt, and find him not guilty. As regards the defense of an *alibi,* the jury are instructed that the defendant is not required to prove that defense beyond a reasonable doubt to entitle him to an acquittal. It is sufficient if the evidence raises a reasonable doubt of his presence at the time and place of the commission of the crime charged."

The particular objection made to this instruction is in the use of the expressions "at the time of the commission of the crime," "when the crime was committed," and "at the time and place of the commission of the crime charged"; and it is claimed—and for the purposes of this argument may be conceded—that by the use of these phrases the court assumed that a crime had been committed. Generally, this would constitute reversible error. If the court had inserted before the word "commission," in the first and third instances, the word "alleged," and had inserted before the word "committed," in the second instance, the words "alleged to have been," the objection now raised would have been obviated. But, whatever may be the rule when the record of the entire proceedings is before this court for review, we must determine the question in view of the particular record which is before us, which does not contain any of the evidence taken at the trial or any of the proceedings had, except such as come within the technical designation "record of the action" or "judgment-roll," as defined in section 2229 of the Penal Code, modified as the same is by the provisions of the Act of 1903, page 47. In other words: Is this instruction erroneous under any and all circumstances of the case which may have occurred upon the trial? This is the test adopted in this state, and quite generally in this country. (*State* v. *Sloan,* 35 Mont. 367, 89 Pac. 829.)

Concede, for the sake of argument, that the court by this instruction virtually said to the jury: ''You may assume, or take for granted that the crime charged was committed at the time and place mentioned in the information''; still we are not able to say that this would be error under every conceivable state of the case.    And if the state may prove—as it may do—that the defendant has admitted that the crime was in fact committed at the time and place mentioned, we can see no objection to defendant's making such admission upon his trial and being bound by it.    This seems to be the view generally entertained by the courts and text-writers.    (*People* v. *Hobson,* 17 Cal. 424; *People* v. *Garcia,* 25 Cal. 531; *Murmutt* v. *State* (Tex. Cr. App.), 63 S. W. 634; 3 Encyclopedia of Evidence, 322; 3 Greenleaf on Evidence, sec. 39; 12 Cyc. 420.)    Such an admission would not be at all inconsistent with his innocence; for, with such admission, the state might still be unable to show that the defendant had anything whatever to do with the commission of the crime charged.

As we do not know, in the absence of the evidence, what occurred upon the trial of this case, we cannot say that the giving of this instruction constituted reversible error.    For aught that appears, the defendant may have voluntarily admitted in open court upon the trial of this case the very facts which are said to have been assumed by the court in this instruction. Error is never presumed.    The presumption attaches in favor of the action of the lower court.

There is a well-defined distinction between this instruction and the instructions criticised in *State* v. *Sloan,* above.    In the *Sloan Case* there was an assumption by the court that Maxwell was an accomplice of Sloan, the defendant, and this court properly said that those instructions were erroneous under any state of the case, for the assumption that Maxwell was Sloan's accomplice was an assumption that Sloan was the guilty principal.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.