STATE, RESPONDENT, v. PETERSON, APPELLANT.

(No. 2,442.)

(Submitted October 12, 1907. Decided November 4, 1907.)

[92 Pac. 302.]

*Criminal Law—Grand Larceny—Definition of "Larceny"—Instructions.*

Criminal Law—Definition of "Larceny"—Intent—Instructions.
    1. In a prosecution for grand larceny, the court gave a definition of "larceny" in the language of section 880 of the Penal Code. The jury were further told that in every crime or public offense there must exist a union or joint operation of act and intent. It further charged that to find the defendant guilty it was sufficient to show that he had appropriated the property mentioned in the information "without color of right or authority." *Held*, that these instructions were erroneous, for the reason that they omitted the element of felonious or criminal intent.

Same—Intent—Instructions—Curing Error.
    2. The error, committed in charging that the defendant, accused of grand larceny, could be found guilty if he appropriated the property "without color of right or authority," was not cured by the addition of the words "and with intent to steal the same," since the word "steal" could not have been understood by the jury as having any broader import than that given to the term "larceny" by the court in the instruction referred to in the above paragraph.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

JOHN W. PETERSON was convicted of grand larceny, and from the judgment and an order denying him a new trial he appeals. Reversed and remanded.

*Mr. Thos. D. Long,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for the State.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

John W. Peterson was convicted of the crime of grand larceny and sentenced to imprisonment to the penitentiary for a

term of ten years. From the judgment and an order denying him a new trial, he has appealed.

Numerous specifications of error are made in appellant's brief, but it will be necessary to notice but a few of them. For a definition of "larceny," the trial court, in instruction No. 3, gave section 880 of the Penal Code, and, for a definition of "grand larceny," undertook to give section 883 of the same Code, as amended by an Act of February 23, 1897 (Laws 1897, p. 247). In instruction No. 11, the court said: "So, in this case, in order to find the defendant guilty, you must find that he appropriated the property mentioned in the information without color of right or authority, and with intent to steal the same." In instruction No. 6, the court told the jury that, "in every crime or public offense, there must exist a union or joint operation of act and intent, or criminal negligence."

Appellant now contends that the court erred in failing to tell the jury that the intent mentioned in instruction No. 6 must be a criminal intent, and, in No. 11 above, left the jury free to find the defendant guilty of grand larceny, even though he committed a naked trespass. It is said that nowhere in the entire charge was the jury instructed that the defendant must have committed the acts charged against him with a felonious intent. So far as instructions 3 and 6 are concerned, it must be conceded that they are insufficient for that purpose; but on behalf of the state it is claimed that, taken in connection with No. 11 above, these instructions sufficiently cover the subject of criminal intent. It is said that, if the defendant appropriated the property ($7,000) belonging to the Bank of Somers, without color of right or authority, and with the intent to steal the same, he is guilty of grand larceny.

In *State* v. *Rechnitz*, 20 Mont. 488, 52 Pac. 264, this court referred with approval to the opinion in the case of *McCourt* v. *People*, 64 N. Y. 583, wherein it is said: "Every taking by one person of the personal property of another, without his consent, is not larceny; and this, although it was taken without right, or claim of right, and for the purpose of appropriating

it to the use of the taker. Superadded to this, there must have been a felonious intent, for without it there was no crime. It would, in the absence of such an intent, be a bare trespass, which, however aggravated, would not be crime. It is the criminal mind and purpose going with the act which distinguishes a criminal trespass from a mere civil injury. (1 Hale's Pleas of the Crown, 509.)'' Under this doctrine, which is generally accepted, it was error for the court to charge that it was sufficient to show that the defendant appropriated the property without color of right or authority. (2 Clark & Marshall on Law of Crimes, secs. 326-328.)

Do the words ''and with intent to steal the same'' cure the defect? We think not. In *State* v. *Sloan,* 35 Mont. 367, 89 Pac. 829, the trial court, in instruction No. 14, said: ''It devolves upon the prosecution in this case to prove, as an independent fact, beyond a reasonable doubt, that the property alleged in the information was taken and carried away from the possession of the owner by the defendant with an intent then and there to steal the same.'' Commenting upon this instruction and another giving a definition of ''grand larceny,'' which comprised the substance of sections 880 of the Penal Code, and 883, as amended, above, this court said: ''This definition does not include the element of felonious or criminal intent, nor is it aided in this respect by appropriate language expressive of this idea in other parts of the charge. It is true the words 'larceny' and 'steal' are both used in paragraphs 13 and 14 of the charge, and elsewhere, but it is apparent that they are used synonymously, and, since they are referable for the sense in which they were used to the court's definition of the term 'larceny,' they could not have been understood by the jury as having any broader import than is given to the term 'larceny' in the definition.''

These cases are determinative of the contention that the trial court erred in authorizing the jury to find the defendant guilty of grand larceny without an instruction that proof of a felonious intent was necessary. That it is incumbent upon the trial

court to instruct the jury, in a grand larceny case, that the taking or appropriation must have been done with a felonious intent on the part of the defendant, was distinctlly called to the attention of the bench and bar of this state nearly ten years ago, in *State* v. *Rechnitz,* above, and by this time it ought to be understood that a failure on the part of the trial court to do so will work a reversal of a judgment of conviction in such a case, as it did in *State* v. *Rechnitz, State* v. *Sloan,* above, *State* v. *Allen,* 34 Mont. 403, 87 Pac. 177, and *State* v. *McLeod,* 35 Mont. 372, 89 Pac. 831.

The definition of "grand larceny," given in this instance, is not correct. Section 883, above, as amended, is not correctly copied.

We have not deemed it necessary to examine the testimony; but, in any event, we doubt the propriety of giving an instruction in the language of No. 18, given in this case.

For the reasons stated, the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.