STATE, Respondent, *v.* JONES, Appellant.

(No. 3,721.)

(Submitted November 1, 1915. Decided November 17, 1915.)

[153 Pac. 282.]

*Criminal Law — White Slave Law — Prostitution — Evidence— Witnesses—Impeachment.*

Criminal Law—Prostitutes—Accepting Money from—Evidence—Insufficiency.
1. Where defendant had given his note for money he obtained from a prostitute, he was not guilty of a violation of section 8 of the White Slave Law (Laws 1911, p. 1), prohibiting the accepting of money from such persons without consideration, even though he later refused to pay the note placed in a bank for collection.

Same—Loans—Consideration.
2. A promise to repay is a sufficient consideration for a loan.

[As to burden of proving want of consideration, see note in 135 Am. St. Rep. 763.]

Same—Evidence—Inadmissibility.

3. Evidence that one accused of accepting money from a prostitute contrary to the provisions of Chapter 1, Laws of 1911, was an habitual borrower and an adept at lying was not admissible as coming under the rule that evidence of other similar offenses, if calculated to show intent or a system or chain of similar acts, is admissible.

Same—Impeachment—When Evidence Inadmissible.

4. A defendant charged with crime who does not offer himself as a witness is not subject to impeachment.

[As to impeaching witnesses, see note in 14 Am. St. Rep. 157.]

*Appeal from District Court, Custer County; Daniel S. O'Hern, Judge.*

PAUL S. JONES was convicted of violating the White Slave Law, and appeals from the judgment and an order denying his motion for a new trial. Reversed and remanded.

*Mr. Sharpless Walker* and *Mr. W. C. Packer,* for Appellant, submitted a brief; *Mr. Walker* argued the cause orally.

While there are exceptions to the general rule that on a prosecution for a particular crime, evidence of offenses other than that for which the defendant is on trial is not admissible, yet the exceptions limit the evidence to those instances where it tends to prove: 1. Motive; 2. Intent; 3. Absence of accident or mistake; 4. Identity of the person on trial; 5. A common scheme, plan or system, embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other. Unless the offered testimony comes within the exceptions named above, the admission of the testimony is reversible error, in that it tends to prejudice the jury against the defendant by proving the defendant has a bad reputation, and by proving extraneous transactions tending to convince the jury that the defendant would be likely to commit crime, and thereby removing the presumption of innocence, which the law would otherwise give the defendant the benefit of.     .  ·

The supreme court of Montana has gone as far as the highest court of any state in admitting evidence of other offenses, but in no case has it held testimony admissible that did not come within the above-mentioned exceptions to the general rule of ex-

clusion. (*State* v. *Geddes*, 22 Mont. 68, 55 Pac. 919; *State* v. *Shafer*, 26 Mont. 11, 66 Pac. 463; *State* v. *Hall*, 45 Mont. 498, 125 Pac. 639; *State* v. *Allen*, 34 Mont. 403, 87 Pac. 177; *State* v. *Newman*, 34 Mont. 434, 87 Pac. 462; *State* v. *O'Brien*, 35 Mont. 482, 10 Ann. Cas. 1006, 90 Pac. 514; *State* v. *Mitton*, 37 Mont. 366, 127 Am. St. Rep. 732, 96 Pac. 926; *State* v. *Hill*, 46 Mont. 24, 126 Pac. 41; *Baker* v. *State*, 120 Wis. 135, 97 N. W. 566; *People* v. *Vidal*, 121 Cal. 221, 53 Pac. 558; *State* v. *Fulwider*, 28 S. D. 622, 134 N. W. 807; *People* v. *Lapidus*, 167 Mich. 53, 132 N. W. 470; *State* v. *Rader*, 62 Or. 37, 124 Pac. 195; *State* v. *Kirby*, 62 Kan. 436, 63 Pac. 752; *Waight* v. *United States*, 1 Hayw. & H. 189, Fed. Cas. No. 17,042; *Paulson* v. *State*, 118 Wis. 89, 94 N. W. 771; *State* v. *Eder*, 36 Wash. 482, 78 Pac. 1023.)

The following cases also hold that testimony of independent crimes or transactions is inadmissible, unless the testimony clearly comes within one of the well-defined exceptions to the general rule of exclusion: *State* v. *Fitchette*, 88 Minn. 145, 92 N. W. 527; *People* v. *Bennett*, 122 Mich. 281, 81 N. W. 117; *State* v. *Vance*, 119 Iowa, 685, 94 N. W. 204; *State* v. *Berger*, 121 Iowa, 581, 96 N. W. 1094; *Smith* v. *State*, 5 Okl. Cr. 67, 113 Pac. 204; *People* v. *Jacks*, 76 Mich. 218, 42 N. W. 1134; *Bishop* v. *People*, 194 Ill. 365, 62 N. E. 785; *State* v. *Kelley*, 65 Vt. 531, 36 Am. St. Rep. 884, 9 Am. Crim. Rep. 354, 27 Atl. 203; *State* v. *Dunn*, 53 Or. 304, 99 Pac. 278, 100 Pac. 258.

*Mr. J. B. Poindexter*, Attorney General, and *Mr. C. S. Wagner*, Assistant Attorney General, submitted a brief; *Mr. Wagner* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Paul S. Jones was convicted of violating section 8 of the White Slave Law (Laws 1911, p. 1), and has appealed from the judgment and from an order denying his motion for a new trial.

So much of the statute as is material here reads as follows: "Any person who shall knowingly accept, receive, levy, or appropriate any money or other valuable thing without consideration, from the proceeds or earnings of any woman engaged in prostitution shall be deemed guilty of a felony. * * * Any such acceptance, receipt, levy, or appropriation of such money or valuable thing shall upon any proceeding or trial for violation of this section be presumptive evidence of lack of consideration."

No useful purpose would be served in reproducing the testimony. [1] The only evidence which was intended to connect the defendant with the offense charged was furnished by the prosecuting witness, Estill Burton, an inmate of a house of ill fame in Miles City, and that evidence discloses that it was the understanding of herself and the defendant that the money was advanced as a loan, to be repaid in forty-five days, with interest at twelve per cent per annum; that a promissory note was executed and delivered at the time the money changed hands; that the prosecuting witness delivered the note to the First National Bank for collection; that the bank endeavored to enforce collection but failed; and that this prosecution followed. The purpose of the Act in question is to discourage the principal business of the red light district, but as well the concomitant crime of vagrancy on the part of "secretaries." It is intended also to prevent public officers and municipalities levying tribute upon prostitutes under the more euphonious designation, fine or license. Everyone who takes from these unfortunate women the earnings of their shame without consideration is branded a felon, and the bare acceptance of such earnings is made *prima facie* evidence that no consideration passed therefor. But a promise to repay [2] money is a sufficient consideration for a loan, and if at the time this defendant received the money from the prosecuting witness, he promised in good faith to repay it, such a transaction would not fall under the ban of the statute, which was not designed to prevent fallen women from engaging in legitimate business—not designed even to prevent them making legitimate use of money derived exclusively from their own prostitution.

Much testimony concerning other transactions was erroneously [3] admitted. It tended only to show that the defendant was an habitual borrower and an adept at lying; but it did not throw any light upon the transaction under investigation, and did not come within the rule so often recognized by this court, *viz.:* "Evidence of other similar crimes, committed at about the same time, if calculated to identify the perpetrator of the particular crime charged, or to show the intent with which an alleged criminal act was committed, or that it was part of a system or chain of similar crimes, is admissible." (*State* v. *Hill,* 46 Mont. 24, 126 Pac. 41.) Indeed, the evidence did not tend to disclose that any other crime had been committed by the defendant. He had borrowed money from different people, and some of these he had repaid in full, some in part, and others he had not repaid at all. Apparently in every instance he told a willful falsehood as to the cause of his necessity or the purpose to which the money was to be devoted; and however reprehensible his conduct may have been, however immoral lying may be, of itself it does not constitute a crime.

The defendant, exercising the privilege allowed him by law, [4] did not offer himself as a witness, and was therefore not subject to impeachment; but, even if he had testified, he could not be discredited by testimony of the character thus offered. (Rev. Codes, secs. 8024, 8025.)

Other errors are specified, but they need not be considered It is apparent that the state cannot make out a case against the defendant under the information before us. The judgment and order are reversed, and the cause is remanded to the district court, with directions to dismiss the case.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.