STATE, RESPONDENT, v. KANAKARIS, APPELLANT.

(No. 4,012.)

(Submitted November 6, 1917.   Decided November 12, 1917.)

[169 Pac. 42.]

*Prostitutes—Accepting Money from and Living With—Information—Charging Two Offenses—Waiver — Evidence — Insufficiency—Trial—County   Attorney — Misconduct — Cross-examination—Instructions—Witnesses.*

Prostitutes — Accepting Money from and Living With — Information—Charging Two Offenses—Waiver.
  1.   Motion to compel the county attorney to elect as between two offenses charged in an information contrary to section 9151, Revised Codes, was not, but a demurrer was, the proper manner in which to raise the objection; by pleading over and failing to demur, the objection was waived.

Same—Evidence—Insufficiency.
  2.   Defendant was charged with receiving some of the earnings of a prostitute in violation of section 8, Chapter 1, Laws of 1911, and with living with, and depending for his living, in whole or in part, upon money supplied by, her (sec. 9); the evidence tended to prove him guilty of the first, but the jury found a verdict of guilty upon the second charge, although there was no evidence to support it. *Held,* that the verdict was not supported by the evidence.

Criminal Law—Trial—Leading Questions—Denial of Fair Trial.
  3.   The asking of numerous leading questions by the prosecution, over objection of defendant, may justly be cause for complaint that by the course adopted he was denied the fair and impartial trial guaranteed by the Constitution.

Same—Evidence—Degrading Witness.
  4.   Questions asked the defendant upon his cross-examination for the purpose of impeaching or degrading him in the estimation of the jury were improper.

Same—Repetition of Questions—County Attorney—Misconduct.
  5.   Where an objection to a question is sustained because improper in form, the form may be varied and the question repeated; but where it is sustained because the question seeks to elicit inadmissible evidence, the action of the county attorney in repeating it to three different witnesses, after an objection to it had been sustained when first interposed, was contemptuous, and must have resulted in prejudice to appellant.

Same—Error—Defendant may not Complain, When.
  6.   Of an error in instructions by which the court imposed upon the state the burden of proving both offenses charged, in order to establish one of them, defendant was not in position to complain.

Generally on the question of duplicity of offenses in indictment, see note in 49 L. R. A. (n. s.) 453.

For authorities discussing the question on cross-examination of witness as proper mode of proving conviction of crime for purposes of impeachment, see note in 30 L. R. A. (n. s.) 846.

Same—Credibility of Witnesses—Improper Instruction.
7.  An instruction that the jury could disregard the entire testimony
    of any witness whom they believed to have deliberately testified falsely
    to any fact material to the issue, *etc.*, was erroneous under section
    8028, Revised Codes, subdivision 3.

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

GUST KANAKARIS was convicted of a violation of certain provisions of Chapter 1, Laws of 1911, and from the judgment and order denying his motion for new trial he appeals. Reversed and remanded for new trial.

*Mr. H. C. Crippen* and *Mr. J. H. Johnston,* for Appellant, submitted a brief; *Mr. Crippen* argued the cause orally.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for the State, submitted a brief; *Mr. Woody* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was prosecuted for a violation of certain provisions of Chapter 1, Laws of 1911, was convicted, sentenced to imprisonment in the penitentiary for not less than fifteen years, nor more than twenty years, and has appealed from the judgment and from an order denying his motion for a new trial.

1. The charging part of the information follows: "That the said Gust Kanakaris, then and there being, then and there, a male person, willfully, wrongfully, unlawfully and feloniously did live with and in whole and in part upon the earnings of, and money supplied by one Ollie Nunley, she, the said Ollie Nunley, being then and there a common prostitute and woman of bad repute, and he, the said Gust Kanakaris, did, then and there, knowingly, willfully, wrongfully, unlawfully and feloniously accept, receive, levy and appropriate money, without consideration, from the proceeds and earnings of the said Ollie Nunley, while so engaged in prostitution." That this informa-

tion charges two distinct offenses in violation of the provisions of section 9151, Revised Codes, is apparent.

Chapter 1 above consists of twelve sections. Sections 10 and 11 are the repealing clauses, and section 12 prescribes when the Act shall take effect. Each of the first nine sections defines a separate and distinct offense and provides the punishment therefor. Section 8 brands as a felon everyone, whether male or female, who knowingly and without consideration takes or receives from a woman engaged in prostitution any of the earnings of her shame. This section was designed to prevent the levy of tribute upon the occupation of women of the underworld or the gratuitous receipt of any of the proceeds of their prostitution, knowing it to be such, by the imposition of fine or imprisonment, or both fine and imprisonment, for a violation of its provisions. By enacting section 9, the legislature evinced a purpose to drive out of this state every vagabond, pimp and secretary who lives with a common prostitute or who depends for his living, in whole or in part, upon money supplied by a fallen woman, whether that money be earned in legitimate business or derived from her unlawful occupation. The punishment was adjusted to effectuate the purpose, for every violation of the section subjects the offender to imprisonment in the penitentiary without the alternative privilege of paying a fine and remaining at large. (*State* v. *Jones,* 51 Mont. 390, 153 Pac. 282.)

The most cursory reading of the information discloses that [1] the defendant was charged with a violation of section 8, and also with a violation of section 9. "The indictment or information must charge but one offense." (Sec. 9151, Rev. Codes.) Counsel for the defendant sought to avail themselves of the defect, by a motion to compel the county attorney to elect, as between the two offenses charged, the one upon which he would seek conviction; but they were in error as to their remedy. Section 9208, Revised Codes, provides that, when it appears upon the face of the information that more than one offense is charged, the objection "can only be taken by demurrer"; and, by pleading over and failing to demur, the objection was deemed

to be waived so far as any question of pleading is concerned. (Sec. 9353, Rev. Codes; *State* v. *Mahoney,* 24 Mont. 281, 61 Pac. 647; *State* v. *Gordon,* 35 Mont. 458, 90 Pac. 173.)

2. The verdict returned declared the defendant "guilty of the [2] crime of living upon the earnings of a woman engaged in prostitution as charged in the information." In other words, he was adjudged guilty of violating the provisions of section 9 of the chapter under consideration.

3. The evidence tends to prove that the defendant, who was proprietor of a rooming-house, induced a woman employed by him as chambermaid to engage in prostitution and to divide with him the proceeds of her illicit practices, and it goes no further. On the contrary, the evidence is not in dispute that defendant never lived with the woman, and, so far as it tends to any conclusion upon the subject, it establishes that he had independent means and was not dependent for his living, in any degree, upon the money furnished by the prostitute.

4. The record presents this singular situation: The defendant was charged with two distinct offenses; the evidence tends to prove him guilty of one only, while the jury found him guilty of the other one. It is elementary that, if the evidence does not prove the commission of the crime of which the defendant is convicted, it is insufficient to sustain the verdict, even though it tends to prove another and independent offense.

5. During the examination of witnesses for the state, the [3] county attorney, over the objections of the defendant, asked numerous leading questions. Section 8019, Revised Codes, provides: "On a direct examination leading questions are not allowed, except in the sound discretion of the court, under special circumstances making it appear that the interests of justice require it." This court does not reverse a judgment of conviction, for mere technical irregularities which could not affect injuriously any substantial rights of the accused; but such a course of trial procedure may be adopted and pursued that the losing party may complain justly that he was denied the fair and impartial trial guaranteed to everyone by the Constitution of

this state. It is not necessary to consider these assignments further, for it is not probable that the errors will be committed upon another trial of this cause.

6. Upon the cross-examination of the defendant he was asked many questions by the county attorney, the purpose of which [4] was to show that he had been guilty of numerous minor offenses, independent of the crime for which he was being tried. The attorney could have had no other object in view than to impeach the defendant or degrade him in the estimation of the jury, and for either purpose the questions are forbidden by statute. (Secs. 8024 and 8031, Rev. Codes) ; *State* v. *Rogers,* 31 Mont. 1, 77 Pac. 293.)

7. To the witness Schultze the county attorney propounded [5] certain questions to each of which an objection was interposed and sustained. Three other witnesses were then called to the stand by the county attorney, and to each one of them he propounded the same or similar questions, with the same result. The conduct of the attorney was contemptuous, and from the character of the questions must have resulted in prejudice to the accused. If an objection is sustained upon the ground that the question is improper in form, the form may be varied and the question repeated; but, when an objection is sustained upon the ground that the evidence which the question seeks to elicit is inadmissible, there cannot be any justification for repeating it. This subject has recently received extended consideration from this court which need not be repeated here. (*State* v. *Jones,* 48 Mont. 505, 139 Pac. 441.)

8. Complaint is made of instruction No. 3 given by the court. [6] The instruction is erroneous, but the error was committed against the state. The defendant cannot complain that the court imposed upon the prosecution the burden of proving both offenses charged, in order to establish one of them. There is not any merit in the other assignments.

9. As this cause must be remanded for a new trial, attention [7] is directed to the last paragraph of instruction 12, as follows: "If you believe from all the evidence in the case that any

witness who has testified in this case has willfully and deliberately testified falsely to any fact or matter material to the issue involved herein, then you will be at liberty to disregard the entire testimony of any such witness, except in so far as it may be corroborated by other and credible evidence in the case." This instruction is erroneous, is contradictory of subdivision 3, section 8028, Revised Codes, and has been condemned by this court. (*State* v. *Penna*, 35 Mont. 535, 90 Pac. 787, overruling *State* v. *De Wolfe*, 29 Mont. 415, 74 Pac. 1084.)

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.