[In Bank. — September 17, 1883.]
## THE PEOPLE, APPELLANT, *v.* PETER BOYLE, RESPONDENT.

64 153
138 535

CRIMINAL LAW — INFORMATION — TWO OFFENSES — PREVIOUS CONVICTION. — Whether or not since the repeal of section 969 of the Penal Code it is proper to allege a former conviction, such allegation is not a distinct charge of another triable offense which makes the information objectionable for that reason.

APPEAL from an order of the Superior Court of the county of Yolo sustaining a demurrer to the information, and from a judgment discharging the defendant.

The information referred to in the opinion is as follows: "Peter Boyle is accused, by the district attorney of Yolo County, by this information, of the crime of felony committed as follows:

The said Peter Boyle on the 21st day of May, A. D. 1883, at the county of Yolo, in the State of California, did, feloniously, unlawfully, and wilfully assault one Albert Lemay, with intent then and there to rob the said Albert Lemay. That the defendant Peter Boyle, before the commission of the offense charged in this information, was in the Justice's Court of Cache Creek township, county of Yolo, State of California, convicted of the crime petit larceny, contrary to the form, force, and effect of the statute," etc.

*Attorney-General Marshall, J. Craig,* District Attorney, and *J. C. Ball,* for Appellent.

The information is direct and certain as to the party charged and as to the offense charged. The particular circumstances are not necessary. It charges the offense in the language of the statute, and is therefore sufficient. (Penal Code, §§ 957, 958, 959, 220; *People* v. *Girr,* 53 Cal. 629.)

It does not charge two offenses. (*People* v. *Stanley,* 47 Cal. 115.)

The charge of a previous information can be made in an information. (*People* v. *Carlton,* 57 Cal. 559.)

*F. S. Sprague,* and *Byron Ball,* for Respondents.

McKINSTRY, J. — Defendant moved to set aside the information on the ground that he had not been legally held to answer, in that, the *commitment* showed upon its face that defendant had previously been convicted of the offense for which he was held to answer. As the commitment is not in the transcript we cannot say what is shown upon its face.

Defendant demurred to the information — that it does not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code, and that more than one offense is charged therein.

The information contains all the averments required by the sections of the Penal Code. It also contains an averment, that, before the commission of the offense therein charged, defendant was convicted of petit larceny in a Justice's Court.

If, by reason of the repeal of section 969 of the Penal Code,

which took effect April 9, 1880, it is no longer proper to allege a former conviction in an information or indictment, the averment with respect to the previous conviction is surplusage, which should be stricken out or disregarded. The statement that defendant had previously been convicted of a larceny is not a distinct charge of larceny to be tried under the information. Two offenses are not therefore charged in the information. If, by reason of the language employed in section 1158 of the Penal Code, an averment of a former conviction is proper, the information is unobjectionable. The demurrer should therefore have been overruled.

Judgment and order reversed and cause remanded with direction to the court below to overrule and disallow defendant's demurrer to the information.

THORNTON, J., ROSS, J., MYRICK, J., and MCKEE, J., concurred.