THE STATE v. MOORE, *Appellant.*

### Division Two, May 8, 1894.

1. **Criminal Law**: SECOND CONVICTION: SENTENCE: CONSTITUTION. Section 3959, Revised Statutes, 1889, prescribing a greater punishment for a second conviction than for a first, is not unconstitutional, either upon the ground of putting a person twice in jeopardy, or prescribing different punishments for different persons committing the same offense.

2. ——: ——: ——: ——. A sentence of imprisonment for life upon conviction of burglary in the second degree, under the provisions of Revised Statutes, section 3959, where the defendant had previously served a sentence for grand larceny, is not a cruel or unusual punishment.

3. ——: INDICTMENT: DUPLICITY. An indictment charging a felony is not bad for duplicity because it charges a former conviction of another and different offense which goes only to the punishment for the felony charged.

4. ——: PRACTICE: DISQUALIFICATION OF TRIAL JUDGE. A trial judge can only be disqualified from sitting in a cause by reason of the existence of some one or more of the causes mentioned in section 4174, Revised Statutes, 1889, and by a compliance with its provisions. He will not be disqualified by the defendant charging him, in the presence of the jury, "with being prejudiced against him."

5. ——: ——: COUNSEL FOR DEFENDANT. The duty of the trial court to appoint counsel for a defendant who is without counsel to conduct his defense, as provided by Revised Statutes, 1889, section 4140, is complied with, when it has offered to appoint counsel and insisted upon defendant accepting the same; it is not the duty of the court, in such case, to force the services or presence of counsel upon a defendant.

6. ——: ——: CONTINUANCE. It is not error to compel a defendant to go to trial without the attendance of witnesses to prove a fact admitted by the state to be true.

The State v. Moore.

*Appeal from St. Louis Criminal Court.*—Hon. H. L. Edmunds, Judge.

AFFIRMED.

*Chas. T. Noland* for appellant.

*R. F. Walker*, Attorney General, and *C. O. Bishop* for the state.

(1) The indictment is not bad for duplicity, since the offenses of burglary and larceny may properly be charged in the same count. R. S. 1889, sec. 3529. The burglary is charged in the language of the statute. R. S. 1889, sec. 3520. The charging of a former conviction is not the charging of another offense. "It is only the averment of a fact which may affect the punishment. The jury do not find the prisoner guilty of the previous offense; they only find that he was previously convicted of it as a historical fact." *Regina v. Clark*, 6 Cox Crim. Cases, 210. The indictment, to sustain such second prosecution, must specially aver the prior conviction. Wharton's Crim. Pl. and Prac. [9 Ed.], sec.935; 1 Bishop, Crim. Law [6 Ed.], sec. 961; *Maguire v. State*, 47 Md. 485, *loc. cit.* 496. Such former conviction should be averred in such a manner that it may be traversed and put in issue. *Plumbly v. Com.*, 2 Metcalf (Mass.) 413. Especially in this state, where the court has no power to assess the punishment, except in cases of confession, or where the jury fail to assess it in their verdict. R. S. 1889, sec. 4230. (2) The statute (sec. 3959) imposing a greater punishment for a second offense is not in violation of the constitution, either as putting a person twice in jeopardy or as prescribing different punishments for different persons committing the same offense. *People v. Stanley*, 47

Cal. 113; *Rand v. Com.*, 9 Grattan (Virginia), 738; *Plumbly v. Com.*, 2 Metc. (Mass.) 413; *Ingalls v. State,* 48 Wis. 647; *Maguire v. State,* 47 Md. 485. (3) The charge of the first conviction is in the language of the statute. R. S. 1889, sec. 3959. (4) The court did not err in proceeding with the trial "after defendant had, in the presence of the jury, charged the judge with being biased and prejudiced against him." There is nothing in the record to show that the defendant made any such charge against the court, either in or out of the presence of the jury. The statute provides the only manner in which a judge may be disqualified. R. S. 1889, sec. 4174; *State v. Turlington,* 102 Mo. 642. Otherwise, every defendant could secure a postponement of his trial by waiting until a jury is called, and then, *ore tenus*, charging the court with prejudice. Such practice could not be tolerated. (5) The court did not err in "forcing defendant to trial without counsel." The record and the affidavit of appellant both show that on the contrary the court offered to assign counsel to appellant, but appellant refused to accept. The statute (sec. 4140) only requires the court to appoint counsel "at his (the prisoner's) request." If the contention of appellant be sustained, then a prisoner can delay his trial indefinitely by refusing to accept assignment of counsel. (6) The court did not err in "forcing defendant to trial without the presence of defendant's witnesses." The affidavit of appellant asserts that he desired witnesses to prove that the front door of the house was always left open at night. There was no evidence on the part of the state that the front door was closed, and the court instructed the jury that there was no evidence of any breaking of an outer door. The contention of appellant (who claims to be versed in criminal law, probably by reason of his criminal experience) was that if he did not break the

outer door, he was in nowise guilty of burglary. (7) The statute (sec. 3959) providing that, "after his discharge, either by pardon or by compliance with his sentence," only means that it is a matter of indifference whether a sentenced convict has fully served his term or has been pardoned, if he commits a second offense. A pardon will not relieve him of the odium of a former conviction, nor place him in *statu quo* before former conviction. *Mount v. Com.*, 2 Duval (Kentucky), 93. Proof that a sentenced convict has been delivered to the keeper of the penitentiary in accordance with the sentence, and that the period of confinement has elapsed years before the second offense was committed, will raise the presumption of compliance with the sentence. This case presents a very different state of facts from *State v. Austin*, 113 Mo. 538.

BURGESS, J.—Defendant was indicted in the St. Louis criminal court for burglary in the first degree and larceny in a dwelling house. The indictment charged that defendant "on the eleventh day of January, A. D. 1887, at the city of St. Louis, in the St. Louis criminal court, was duly convicted, *on his own confession*, of the offense of grand larceny, and in accordance with said confession was duly sentenced by said court to imprisonment in the penitentiary for the term of three years, and was duly imprisoned in said penitentiary in accordance with said sentence; and that the said Frank Moore, after his discharge from said penitentiary upon compliance with said sentence, to wit, on the twenty-fifth day of May, A. D. 1893, etc,, did commit the said offenses of burglary and larceny." Defendant was arraigned at the July term, 1893, and pleaded not guilty.

At the November term following, defendant withdrew his plea of not guilty, and filed his motion to

quash the indictment, which being overruled, he was again arraigned, pleaded not guilty, was put upon his trial, which resulted in his conviction of burglary in the second degree, his punishment being fixed at imprisonment in the penitentiary for life. From the judgment and sentence he appeals.

The evidence showed that defendant had been convicted, on his plea of guilty in open court, of grand larceny, for which he had been sentenced to, and had served a term in, the Missouri penitentiary; that afterwards, on the night, of the twenty-sixth day of May, 1893, he had entered into the dwelling house of one S. M. Tucker, in the city of St. Louis, through the outer door, which does not appear to have been closed, then into the room occupied by one Mr. Stephens and another, by raising the latch or turning the knob on and opening the door which led therein and which was closed; that he took and stole from Stephens about $34 in money and a watch worth $45. The watch was found upon defendant's person when he was arrested; the money, he admitted to have thrown away. He was discovered when making his exit from Stephens' room, by a Mr. Love who was occupying the room with Stephens. Stephens followed him out into the hallway and while attempting to restrain him, was shot in the face by defendant with a pistol which defendant had in his hand. Stephens and Love got him down, however, and held him until a policeman came and took him into custody. On the trial he admitted the larceny but denied the burglary. No brief has been filed in his behalf.

In the motion to quash the indictment, the contention is that it is bad; *first*, because in violation of both the state and federal constitutions; *second*, that it is bad because of duplicity. It is difficult to conjecture wherein or in what manner the statute (sec. 3959, R. S.

1889), imposing a greater punishment for a second criminal offense, is in violation of the constitution, either as putting a person twice in jeopardy or as prescribing different punishments for different persons committing the same offense. The clauses of the constitution of the United States, which we suppose it was contended were violated, are those which provide, *first*, that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb;" and, *second*, "nor cruel and unusual punishment inflicted."

In a case similar to the one in hand and under a similar statute it was held (*People v. Stanley*, 47 Cal. 113) that because the punishment for the second offense is increased, because of a prior conviction for another offense, the accused is not punished twice for the same offense. That he is not again punished for the first offense "but the punishment for the second is increased, because by his persistence in the perpetration of crime he has evinced a depravity, which merits a greater punishment, and needs to be restrained by severer penalties than if it were his first offense."

In Virginia, under a similar statute, also, in *Rand v. Com.* (9 Grattan, 743), the court says: "No constitutional or other obstacle, however, seems to stand in the way of the legislature's passing an act declaring that persons thereafter convicted of certain offenses committed after the passage of the act, may, if shown to have committed like offenses before, be subjected to greater punishment than that prescribed for those whose previous course in life does not indicate so great a degree of moral depravity. One convicted under such a statute can not justly complain that his former transgressions have been brought up in judgment against him. He knew, or is presumed to have known, before the commission of the second offense, all the penalties

denounced against it; and if in some sense the additional punishment may be said to be a consequence of the first offense (inasmuch as there could be no sentence for such punishment in the absence of proof of the first conviction), still it is not a necessary consequence; but one which could only arise on the conviction for the second offense, and one, therefore, which, being fully apprised of in advance, the offender was left free to brave or avoid."

In Massachusetts a similar statute has been enacted and in *Ross's case*, 2 Pick. 170, the court says: "The statute * * * provides, that if any person having been before convicted of larceny, shall afterwards commit another larceny, he shall be punished more severely than if he had not previously committed the like offense. The punishment is enhanced from the character of the culprit. So the same statute provides that if a person shall be convicted at the same term of three distinct offenses, he shall receive a more severe punishment. The same objection would apply in these cases as much as in the one under consideration, that the culprit was punished because he had committed prior offenses, and that he was punished anew for those offenses. But in our view the punishment is for the last offense committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself." The same views are expressed in *Plumbly v. Com.*, 2 Metc. (Mass.) 413; *Ingalls v. State*, 48 Wis. 647; *Maguire v. State*, 47 Md. 485.

The increased severity of the punishment for the subsequent offense, is not a punishment for the same offense for the second time, but a severer punishment for the subsequent offense, the law which imposes the increased punishment being presumed to be known by all persons, and to deter those so inclined from the

further commission of crime; and we are unable to see how the statute which imposes such increased punishment violates the provisions of our constitution heretofore quoted. We are not inclined to think the punishment imposed for the second offense of so grave a character, either cruel or unusual.

Nor are we inclined to hold the indictment bad for duplicity. Section 3529, Revised Statutes, especially provides that the offenses of larceny and burglary may properly be charged in the same count. The fact that the indictment charged a former conviction of another and entirely different offense, is not in fact charging him with an offense with respect of the former offense in the case in hand. The averments as to the former offense, go as to the punishment only. In *Regina v. Clark*, 6 Cox's Crim. Cas., 210, it is held that several previous convictions may be lawfully set out in the indictment when the object in setting them out is only to justify a severer punishment. We must, therefore, hold that the objections to the indictment are not well taken. See, also, *State v. Austin*, 113 Mo. 538.

There does not seem to have been any incompetent or irrelevant testimony introduced by the state, as averred by defendant in his motion for a new trial. Nor is there anything in the record which shows that the defendant, "in the presence of the jury, charged the court with being prejudiced against him." But even if there was, the judge was not disqualified from proceeding with the trial of the cause by reason of such statements. The only way by which a judge may be disqualified from sitting in the trial of a cause, is by reason of the existence of some one or more of the causes mentioned by section 4174, Revised Statutes, 1889, and by a compliance with its provisions.

The sixth ground assigned by defendant why a new trial should be granted him, is that the court

forced him to trial without his having an attorney to assist and defend him against the charges in the indictment.    This assignment is not sustained by the record, which shows that the court offered and insisted upon assigning counsel for defendant, but that he refused to permit it to be done or to accept the services of an attorney thus assigned.    While section 4140, Revised Statutes, 1889, requires the court to appoint counsel for any person about to be arraigned upon an indictment for a felony at his request when he is without counsel to conduct his defense, and is unable to employ any, it is no part of his duty to force the services or presence of counsel on any person under indictment for crime who does not desire them and who, as the defendant did in this case, refuses to accept them.

Defendant also claims that he was forced to trial without the presence of his witnesses.    His affidavit, as copied into the record, avers that he desired witnesses to prove that the front door to the dwelling house through which he entered was always left open at night. There was no pretense or claim on the part of the state that this door was closed at the time of the burglary, and the court instructed the jury that there was no evidence of the breaking of the outer door, and it is not probable that the defendant could have been prejudiced by the absence of witnesses by whom he expected to prove facts that were wholly immaterial, and that there was no claim upon the part of the state did not exist.

The instructions covered every phase of the case and were quite fair to the defendant.    After a careful examination of them, we have been unable to see any objection to them, nor has any objection other than that which is general been suggested in the motion for a new trial.

There is no merit in the objection made to the remarks of the prosecuting attorney as they were warranted by the facts in the case as disclosed by the evidence, which showed defendant's guilt beyond any reasonable doubt. There does not seem to be any error in the record which would justify a reversal of the judgment, and it should be affirmed. It is so ordered. All of this division concur.