# CAMPBELL v. STATE

## 349

(19 Ala.App.)

<hr>

(97 South. 783)

## CAMPBELL v. STATE. (3 Div. 443.)

(Court of Appeals of Alabama. April 3, 1923. Rehearing Denied July 10, 1923.)

1. **Intoxicating liquors** ⬅223(1) — **Proof of manufacture or possession of still sustains conviction.**

Where the indictment charged the defendant with both the manufacture of prohibited liquor and the possession of a still, proof of either offense would be sufficient to sustain conviction.

2. **Criminal law** ⬅1169(1)—**Officer's testimony as to signal on finding still held harmless.**

In a prosecution for possessing a still, the admission of an officer's testimony as to his agreement with associate officers to give a signal on finding a still, without further evidence as to such signal, held harmless.

3. **Criminal law** ⬅1169(1)—**Testimony as to signal indicating finding of still by officer held harmless.**

In a prosecution for possession of a still in which it was undisputed that officers found a still in operation and that defendant was arrested in vicinity thereof, testimony of one of the officers, who was searching for a still near defendant's house, that after one of the officers had separated from the others the witness heard the "call signal" and knew that "something" had been found, held harmless.

<hr>

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 232.

**4. Criminal law ⬡1144(12)—Answer presumed responsive.**

Where question to witness is not set out in the record, the appellate court must presume that the answer was responsive thereto.

**5. Criminal law ⬡696(6)—Motion to strike responsive testimony too late.**

Motion to strike testimony comes too late where responsive to question asked.

**6. Criminal law ⬡919(3) — Argument held not ground for new trial.**

Where four officers had testified to defendant's guilt, solicitor's statement in argument that "this defendant is a guilty man, or the state has a great many scoundrels working for it," held not ground for new trial.

**7. Criminal law ⬡700, 730(1) — Prosecutor should treat defendant fairly and witnesses courteously.**

The solicitor, in the prosecution of a person charged with a crime, should treat the defendant fairly and the witnesses courteously, both in examination and argument, but when he fails to so do the court should so rule as to preserve the rights of the defendant to the end that the defendant will receive a fair and impartial trial.

**8. Criminal law ⬡919(1)—Misconduct of solicitor ground for new trial if affecting verdict.**

If the conduct of the solicitor is such that the jury has probably been influenced against the defendant by reason of his conduct to such an extent that a verdict is the result, in some degree, of such conduct, though the court may have excluded the remarks and instructed the jury not to consider them, the court should on proper motion set aside the verdict and grant a new trial.

**9. Criminal law ⬡1156(1) — Denial of new trial for misconduct of solicitor not disturbed.**

Denial of new trial on ground of misconduct of solicitor will not be disturbed on appeal, unless court's conclusions that jury was not influenced are clearly erroneous.

**10. Criminal law ⬡919(3)—Argument as to defendant's appearance with lawyer now in penitentiary not ground for new trial.**

Statement of solicitor in argument to jury that "they weren't there but a few minutes before you [the defendant] popped up with your man Lawyer J., who is now in the penitentiary," subsequently withdrawn by solicitor, held not ground for new trial.

**11. Criminal law ⬡919(3)—Remarks of solicitor in argument as to preparation of other cases held not ground for new trial.**

In a prosecution for the manufacture of liquor and the possession of a still, statement of solicitor in argument to jury that, "in the preparation of every case here, you hear the same kind of dope shot to them by the defendant," to which the court sustained objection, held not ground for new trial.

**12. Criminal law ⬡919(3)—Argument as to liquor being manufactured on every hilltop held not ground for new trial.**

In prosecution for manufacture of liquor and possession of still, statement of solicitor, in argument to jury, that "it is being made on every hilltop in Montgomery county to-day," to which the court sustained an objection, held not ground for new trial.

**13. Criminal law ⬡919(1) — Solicitor's remark to defendant's counsel following objection held not ground for new trial.**

Solicitor's remark to defendant's counsel, "I don't blame you, Brother Bill," when defendant's counsel objected to remark of solicitor in liquor prosecution that liquor was being manufactured on every hilltop in the county, held not ground for new trial.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Dave Campbell was convicted of violating the prohibition laws, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Campbell, 210 Ala. 264, 97 South. 785.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The court erred in rulings on the evidence. 109 Ala. 11, 19 South. 535; 87 Ala. 27, 6 South. 284; 17 Ala. App. 542, 86 South. 144; 2 Ala. App. 25, 56 South. 92; 8 Ala. App. 33, 62 South. 477. The argument of the solicitor was improper and prejudicial to defendant. 16 C. J. 893; 136 Ala. 58, 34 South. 177; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 18 Ala. App. 281, 91 South. 499; 183 Ala. 287, 61 South. 80, Ann. Cas. 1916A, 543; 17 Ala. App. 178, 84 South. 638; 159 Ala. 52, 48 South. 662; 18 Ala. App. 514, 93 South. 264.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Failing to object to the question, motion to overrule the answer comes too late. 18 Ala. App. 447, 93 South. 42; 93 South. 45; 18 Ala. App. 507, 93 South. 691. Counsel are entitled to wide latitude in drawing deductions and conclusions in argument. 88 South 189. Where defendant's objection to argument of the solicitor is sustained, and the court expressly instructs the jury not to consider same, it is not injurious. 18 Ala. App. 83, 89 South. 97.

SAMFORD, J. [1] The charge in the indictment is both for manufacturing prohibited liquor and for possessing a still, etc. Proof beyond a reasonable doubt of either offense would be sufficient to sustain a verdict of conviction, and, if the testimony of the four officers is to be believed, there was no escape from the conclusion of guilt reached by the jury.

[2] Appellant insists that the court committed reversible error in permitting state's witness Scarbrough to testify that he had an agreement with his associate officers as to a

certain signal to be given by either of them upon finding a still.

Let us see what really took place on the trial. The witness Scarbrough, after testifying to the finding of two stills and to other facts tending to connect the defendant with the possession and operation of the stills, further testified that defendant was at one of the stills which was in operation; that defendant walked in, the direction of a "noise". and getting close to witness defendant turned and ran; that defendant dodged witness and got out of his sight; that Davis, another officer, brought defendant back to the still. Witness was then asked this question: "Was Mr. Tranum with him?" To which he answered: "Mr. Tranum was up the swamp; as quick as he ran out of my sight I shot two shots right straight to let them know." The court sustained objection to this, and it therefore was not in evidence. This left no evidence as to shots or signals. Witness was then asked: "Well, did you have any agreement with these two men?" To this question defendant objected, and, objection being overruled, the witness answered: "Yes. sir; always; that was our signal." Motion to exclude this answer was overruled. The answer as it appears in the record meant nothing, and therefore could not injuriously affect defendant.

[3-5] The next exception arises in the testimony of Tranum, another state's witness, who in his narrative testimony said:

"That they got out of the car at Dave's house and went down across the field, and just before they got to the woods they separated; that the two Scarbroughs went together and that he and Mr. Davis went off about 150 yards from them; that after Scarbrough got out of sight he heard somebody shoot the call signal and he knew they had found something."

Defendant objected to that part of the statement as follows:

That "after they went out of sight from where he was he heard somebody shoot the call signal and he knew they had found something."

Objection being overruled, motion was made to exclude on the same grounds, and the court overruled the motion. Even if this testimony is subject to some of the objections interposed, this court is unable to see how this part of this answer injuriously affected the defendant's case. If the officers had a "call signal" and it was given, it could not tend to prove the defendant's guilty agency, unless it had some bearing upon the time between the finding of the still and the arrest of defendant, in which event it would be relevant. That the still was found and that it was in operation is not disputed. Accordng to two state witnesses, defend-

ant was at the still at the time of its discovery, and he ran off, and it is further admitted that the defendant was arrested at the time near the still; the state contending that the place of arrest was in the edge of the swamp about 150 yards from the still, and the defendant that it was in the field about 300 yards away. How the defendant can be hurt by this testimony we cannot see. Besides there appears to have been no objection to the question calling for this testimony, and, the question not being set out in the record, we must presume the answer was responsive. Being responsive, the objection and motion came too late. 4 Michie's Dig. p. 306, par. 461.

[6] The defendant insists that the trial court committed error in refusing to grant a new trial on the following, among other grounds: During the argument of the solicitor to the jury he said:

"Now, gentlemen of the jury, this defendant is a guilty man, or the state has a great many scoundrels working for it."

This statement is sufficiently borne out by the evidence. If the defendant is not guilty, then the four officers who testified had sworn falsely. The statement of the solicitor was not couched in language such as should be used in parliamentary bodies, but the jury doubtless grasped his true meaning. Again defendant contends that the solicitor was not warranted in saying:

"And they weren't there but a few minutes before you [the defendant] popped up with your man Lawyer Johnson, who is now in the penitentiary."

There was some testimony from which an inference might be drawn that defendant was trying to cast suspicion on Lawyer Johnson, and some evidence that Johnson was in the penitentiary.

The appellant also insists he was injured by reason of following colloquy, taking place during the argument of the solicitor:

Defendant's Counsel: "We object to the statement: Now, gentlemen of the jury, this is a guilty man or the State has a great many scoundrels working for it."

The Court: "I overrule the objection."

Defendant's Counsel: "I just want to make the point; your honor will let me assign grounds."

The Court: "Yes."

Defendant's Counsel: "I object to the statement: 'And they wasn't there but a few minutes before you [defendant] popped up with your man, Lawyer Johnson, who is now in the penitentiary.'"

The Court: "I overrule your objection."

Defendant's Counsel: "We except."

Solicitor: "Well, I withdraw it then, if he objects to it. If it wasn't Lawyer Johnson, it was some other negro."

Defendant's Counsel: "I object to the statement: 'That in the preparation of every case here, you hear the same kind of dope shot to them by the defendant.'"

The Court: "I sustain the objection. Gentlemen of the jury, that remark is excluded from your consideration, and you won't pay any attention to it."

Defendant's Counsel: "I object to the statement: 'Why, gentlemen, it is being made on every 'hilltop in Montgomery county to-day.'"

The Court: "Yes; I sustain it. Gentlemen, that remark is excluded from your consideration."

The Solicitor: "I don't blame you, Brother Bill."

Defendant's Counsel: "Now I move to exclude that, your honor."

The Court: "Yes, that remark is excluded from your consideration, gentlemen."

[7-13] The foregoing was made the basis for one of the grounds for a new trial. The solicitor, representing, as he does, the sovereign in the prosecution of persons charged with crime, occupies an office of grave responsibility, and his duties should be performed in such manner as to reflect credit upon the judicial system and to maintain the dignity of the court in which he appears to prosecute. In the performance of those duties he should treat the defendant fairly and the witnesses courteously, both in examination and in argument. When he fails to do this, the court should so rule as to preserve the rights of the defendant, to the end that the defendant will receive a fair and an impartial trial. White v. State, 136 Ala. 58, 34 South. 177. If the conduct of the solicitor during the trial is such as that, taking into consideration the power and dignity of his office, the jury has probably been influenced against the defendant, by reason of such illegal acts, to such an extent that the verdict is the result, in some degree, of such conduct, although the court may have excluded the remarks and instructed the jury not to consider them, the court should, on proper motion, set aside the verdict and grant a new trial. Bean v. State, 18 Ala. App. 281, 91 South. 499; B. R. L. & P. Co. v. Gonzalez, 183 Ala. 273–287, 61 South. 80, Ann. Cas. 1916A, 543. This is primarily a question for the trial court, who has the advantage of having heard and seen everything incident to the trial, and unless it appears that the conclusions are clearly erroneous they will not be disturbed on appeal. From the position of this court, aided only by the cold and meager recitals in the record, we cannot say that the trial court erred in refusing to grant the motion for new trial.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.