### RIGGAN v. STATE. (6 Div. 965.)

(Court of Appeals of Alabama. June 8, 1926. Rehearing Denied June 29, 1926.)

**1. Witnesses ☞337(2).**

Evidence of general bad character may be used to impeach defendant, testifying as witness in liquor prosecution, and need not be confined to character for truth and veracity.

**2. Criminal law ☞706.**

In liquor prosecution, cross-examination by solicitor of judge who tried defendant on same charge in county court, as to whether he had convicted defendant, *held* improper.

**3. Criminal law ☞730(3).**

Where court sustained defendant's objection to improper cross-examination of county judge as to defendant's conviction below, and no other ruling was requested thereon, there was no error.

**4. Criminal law ☞747.**

Conflicting evidence is for jury.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Clovis Riggan was convicted of violating the prohibition law and he appeals. Affirmed.

Certiorari denied by Supreme Court in Riggan v. State, 109 So. 889.

Ernest B. Fite, of Hamilton, for appellant.

Evidence of character must be confined to the time of and anterior to the commission of the offense for which defendant is being tried. White v. State, 111 Ala. 92, 21 So. 330; McGuire v. State, 2 Ala. App. 131, 57 So. 51; Griffith v. State, 90 Ala. 583, 8 So. 812; Brown v. State, 46 Ala. 175; Smith v. State, 118 Ala. 117, 24 So. 55; Gordon v. State, 140 Ala. 29, 36 So. 1009; Robinson v. State, 5 Ala. App. 45, 59 So. 321. The action of the court in sustaining objection to the question asked the witness Judge Cantrell did not cure the error.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The questions concerning the character of defendant were in proper form. The time of the character inquired about would have been proper subject for cross-examination and if such time appeared to be subsequent to the commission of the offense a motion to exclude would have been in order. The court ruled favorably to defendant upon objection to the question to witness Cantrell, and he cannot complain.

BRICKEN, P. J. The charge against this appellant was violating the prohibition laws of the state. The prosecution originated in the county court, and from a judgment of conviction in said court he appealed to the circuit court of Marion county. He was there tried by a jury upon a complaint filed by the solicitor, was again convicted, the jury assessed a fine of $50, and the court added 6 months' hard labor for the county. From the judgment of conviction in the circuit court, this appeal was taken.

No special charges were requested, nor was there a motion for a new trial. The appeal here is rested upon several rulings of the court upon the admission of the evidence; also upon exceptions to the oral charge of the court.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The exceptions to the court's oral charge are without merit. The charge as a whole was fair to defendant, and ably stated every phase of law governing the issues involved upon the trial of this case. The measure and burden of proof were properly stated.

[1] The principal insistence of error here urged is the rulings of the court upon the testimony relating to the general character of defendant, who testified as a witness in his own behalf. The law is that, when a defendant testifies as a witness, he is subject to impeachment as is any other witness. Wilson v. State, 20 Ala. App. 137, 101 So. 417. And as here evidence of general bad character is admissible to impeach, and this inquiry need not be limited to the question of truth and veracity; it may be extended to that, but is not limited. Byers v. State, 105 Ala. 31, 16 So. 716. In other words, evidence of bad general character, as a generic proposition, may be adduced to impeach a witness. It is not confined to character for truth and veracity. Wilson v. State, supra. Such inquiry relates to the character of the witness sought to be impeached, prior and up to the time of the trial in which such testimony is given. The several exceptions reserved in this connection cannot be sustained, as the rulings of the court complained of in this connection were in accord with what has been here said.

[2, 3] The remaining insistence is also without merit. As stated by counsel for appellant, however, it was highly improper for the solicitor, on the cross-examination of Judge W. H. Cantrell, the judge who tried this defendant on the same charge in the county court, to ask the witness if, on said trial, was not it a fact that he had convicted this defendant in his court. This question was improper and unfair, and had no place upon the trial in the circuit court, to which the case was carried by appeal, and under the law was to be there tried de novo. The court took this view of the question and promptly sustained the objection interposed by defendant. Having ruled with the defendant, he cannot here complain of such ruling.

No other ruling of the court was invoked in this connection. No motion was made to withdraw the case from the jury and declare a mistrial and continue same. In other words, the only ruling here invoked was favorable to appellant. This being true, it is elementary the court cannot be put in error in this connection.

[4] The evidence in this case was in sharp conflict, and therefore presented a question for the determination of the jury. In the trial of this case, and upon the record, no reversible error appears. The judgment of conviction appealed from will stand affirmed.

Affirmed.