(109 So. 384)

**HUSTON v. STATE.    (7 Div. 231.)**

(Court of Appeals of Alabama.    June 29, 1926.)

**I. Intoxicating liquors ⬤═➡238(1).**

Defendant found drunk with liquor on his person, of which he denied knowledge, *held* not entitled to affirmative charge in prosecution for possession.

**2. Criminal law ⬤═➡1170½(2)—Cross-examination of defendant as to who friend was who supplied him with liquor held not error on defendant's answering that he did not remember.**

Cross-examination of defendant as to name of friend who supplied him with liquor, to which he answered that he did not remember, *held* not error.

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Billy Huston was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. Appellant was convicted of the offense of violating the Prohibition Law by having whisky in his possession.

[1] The evidence disclosed that the two state witnesses who were police officers of the city of Talladega, were "riding around" on the night in question and discovered several parties trying to pull an automobile out of a ditch. They discovered this appellant in the car, and the evidence without dispute showed that he was drunk and that he had a quart jar nearly full of whisky in his bosom. The defendant testified in his own behalf and admitted he was drunk upon the occasion testified to by the state witnesses, and stated further that if he had any whisky in his bosom he did not know anything about it, etc. Under no phase of the evidence in this case was the defendant entitled to the affirmative charge. Its refusal was without error.

[2] On cross-examination of defendant he admitted that he got drunk about 6 or 7 o'clock; that he went from his home to Shocco and "drank a right smart at Shocco"; and that the whisky he drank there was not his but belonged to a friend of his. Thereupon the solicitor propounded the following question: "Q. Who was your friend?" And upon being required to answer over his objection and exception, he replied: "I don't remember who my friend was." This is the only ruling invoked by the court upon the testimony. It is so clearly free from error no discussion of the point is necessary.

---

We find no error upon the trial of this case, and the judgment of conviction appealed from will stand affirmed.

Affirmed.