## MILLER v. STATE. (7 Div. 176.)

(Court of Appeals of Alabama. Aug. 31, 1926.)

**1. Intoxicating liquors ⊙‿236(1).**

Where evidence as to unlawful possession of still presented jury question, refusal of requested general charge was proper.

**2. Criminal law ⊙‿1170½(2).**

Permitting solicitor to ask defendant's witness if he had not faked sickness at prior term to avoid trial for same offense *held* not error, where answers were favorable to defendant and questions were withdrawn by solicitor.

**3. Criminal law ⊙‿369(6), 722½—Permitting proof, on defendant's cross-examination, that defendant had been fined for other liquor violations and argument thereon held prejudicial error.**

In prosecution for possessing still, permitting state to prove, over objection and exception, that at different time and place than one in question defendant had been fined for possessing whisky, and commenting thereon before jury in argument, *held* prejudicial error.

**4. Criminal law ⊙‿351(3), 696(7).**

Overruling motion to exclude evidence, that when still was raided, defendant ran and was caught and pistol was taken off his person, *held* not error, the evidence of flight being competent.

**5. Criminal law ⊙‿1171(3).**

For counsel in argument to state as facts something not in record and applicable to cause then being tried is usually reversible error.

**6. Criminal law ⊙‿1156(1)—Setting aside conviction and granting new trial for misconduct of solicitor is primarily question for trial court.**

In criminal case where solicitor's conduct during trial is such that jury has probably been influenced against defendant, so that verdict in some degree is result thereof, court should on

proper motion set aside verdict and grant new trial, but this is primarily question for trial court.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Mack Miller was convicted of possessing a still, and he appeals. Reversed and remanded.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

Former conviction of defendant for violation of prohibition laws, when shown over timely objection, is reversible error. Smith v. State, 129 Ala. 89, 29 So. 699, 87 Am. St. Rep. 47; Fuller v. State, 147 Ala. 37, 41 So. 774; Moore v. State, 10 Ala. App. 179, 64 So. 520; Pippin v. State, 197 Ala. 613, 73 So. 340; Abrams v. State, 17 Ala. App. 379, 84 So. 862; Lyles v. State, 18 Ala. App. 62, 88 So. 375; Cobb v. State, 20 Ala. App. 542, 103 So. 387; Schroeder v. State, 17 Ala. App. 246, 84 So. 309. Possession of a gun is not relevant in a prosecution for making liquor. Seigler v. State, 19 Ala. App. 135, 95 So. 563. Statements of fact by the solicitor in the course of his argument, unsupported by the evidence, are ground for reversal. Scott v. State, 110 Ala. 48, 20 So. 468; Thomas v. State, 18 Ala. App. 268, 90 So. 878; Rowe v. State, 20 Ala. App. 119, 101 So. 91.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The argument of the solicitor was within legitimate bounds. Winchester v. State, 20 Ala. App. 243, 102 So. 535. What defendant was doing at the still was competent evidence. Dawkins v. State, 19 Ala. App. 589, 99 So. 661; Smith v. State, 20 Ala. App. 442, 102 So. 733. Where no injury results to defendant, though the ruling complained of was erroneous, reversal will not follow. Wilson v. State, 20 Ala. App. 137, 101 So. 417; Prescott v. State, 20 Ala. App. 466, 103 So. 75.

SAMFORD, J. [1] According to the testimony of the state's witnesses, defendant and two others were found at a still preparing to manufacture whisky. The count charging defendant with manufacturing whisky was nol prossed, and the trial proceeded upon the second count in the indictment charging defendant with unlawfully possessing a still, etc. Under the evidence a jury question was presented, and therefore the general charge, as requested by defendant, was properly refused. The oral charge of the court, together with the written charges given at the request of, defendant, covered every phase of the law governing this case and amply covered the propositions of law, when correctly stated, in the refused charges requested by defendant.

[2] On cross-examination of John Higgins, a witness for defendant, the solicitor was permitted, over the objections and exceptions of defendant, to ask the witness if he had not faked sickness at a prior term of the court in order to keep from being brought to trial on a charge of possessing this same still at the same time and place. This line of questioning was persisted in, but all of the answers were favorable to defendant.

The rulings of the court on these questions therefore are not such as would entitle the defendant to complain. Moreover, having failed to get an answer favorable to the state, the solicitor withdrew the questions.

[3] On the cross-examination of defendant while he was being examined as a witness, the solicitor was permitted to prove, over proper objection and exception of defendant, that, at a different time and place and in no way connected with the charge in this indictment, the defendant had been convicted and paid a fine for being in possession of some 100 gallons of whisky. Furthermore, in his argument to the jury the solicitor was permitted, over the timely objection and exceptions of defendant, to comment on this fact, the only effect of which was to prejudice the jury against the defendant. Defendants in all kinds and characters of criminal cases are entitled to be tried on legal evidence and free from prejudice superinduced by illegal testimony or appeals of prosecuting officers, not based upon legal evidence. The error is patent, and the injury is apparent. Cobb v. State, 20 Ala. App. 542, 103 So. 387; Schroeder v. State, 17 Ala. App. 246, 84 So. 309; Willingham v. State, 10 Ala. App. 161, 64 So. 544; Lyles v. State, 18 Ala. App. 62, 88 So. 375; Pippin v. State, 197 Ala. 613, 73 So. 340; Fuller v. State, 147 Ala. 37, 41 So. 774; Smith v. State, 129 Ala. 89, 29 So. 699, 87 Am. St. Rep. 47.

[4] The state was permitted to prove, over the objection and motion to exclude, that when the still was raided the defendant ran and was pursued by one of the officers, caught, and that the officer took a pistol off of defendant's person. If the motion had been confined to the fact that the officer took a pistol off of the person of defendant, such motion would probably have been granted. Seigler v. State, 19 Ala. App. 135, 95 So. 563. But the fact that defendant ran and was pursued at the time and place testified to was relevant testimony, and the motion, as made, included both legal and illegal matter. The court did not err in overruling the motion.

[5] The excerpts from the solicitor's argument are hardly sufficient upon which to base a ruling. Decisions of this court are numerous declaring the rule as applicable to argument of counsel. They must not state as facts something not in the record and applicable to the cause then being tried. A violation of this rule constitutes error usually to a reversal. The leading case in this state is Cross v. State, 68 Ala. 476; Gray v. State, 19 Ala. App. 550, 98 So. 818.

[6] When the conduct of the solicitor dur-

ing the trial is such as that, taking into consideration the power and dignity of his office, the jury has probably been influenced against the defendant by reason of such illegal acts to such an extent that the verdict is the result, in some degree, of such conduct, the court should on proper motion set aside the .verdict and grant a new trial. But this is primarily a question for the trial court. Campbell v. State, 19 Ala. App. 349, 97 So. 783; Bean v. State, 18 Ala. App. 281, 91 So. 499; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 287, 61 So. 80, Ann. Cas. 1916A, 543.

For the error pointed out this judgment is reversed, and the cause is remanded.

Reversed and remanded.