(109 So. 524)

### WHITFIELD v. STATE.    (7 Div. 170.)

(Court of Appeals of Alabama. Aug. 31, 1926.)

**1. Intoxicating liquors ⊂⊃238(1).**

In prosecution for violation of prohibition laws, where evidence made jury question, refusal of affirmative charge was not error.

**2. Criminal law ⊂⊃706.**

In prosecution for violation of prohibition laws, attempt of solicitor to inject into trial fact that defendant, at another time and place, had been caught making liquor *held* reversible error.

**3. Criminal law ⊂⊃730(13), 1154.**

Trial court's discretion to declare mistrial for counsel's *misconduct in injecting* or attempting to inject evidence of other offenses is not unlimited, and will be revised on appeal.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

L. W. Whitfield was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

Former conviction of defendant for violation of the prohibition law, when shown over timely objection, is reversible error, and such erroneous admission cannot be eradicated. Smith v. State, 129 Ala. 89, 29 So. 699, 87 Am. St. Rep. 47; Fuller v. State, 147 Ala. 37, 41 So. 774; Moore v. State, 10 Ala. App. 179, 64 So. 520; Pippin v. State, 197 Ala. 613, 73 So.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

340; Abrams v. State, 17 Ala. App. 379, 84 So. 862; Lyles v. State, 18 Ala. App. 62, 88 So. 375; Willingham v. State, 10 Ala. App. 161, 64 So. 544; Schroeder v. State, 17 Ala. App. 246, 84 So. 309; Cobb v. State, 20 Ala. App. 542, 103 So. 387.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] We cannot accord to the insistence of appellant that the defendant was entitled to the general affirmative charge, as there was some evidence tending to show his participation in the operation of the still in question. This evidence made a jury question; therefore the court was without authority to direct a verdict in his behalf, and did not err in refusing the affirmative charge. Suttle v. State, 19 Ala. App. 198, 96 So. 90.

[2, 3] This case will have to be reversed however, because of the improper and highly prejudicial conduct of the solicitor, who, instead of trying the issues involved upon this trial, made repeated efforts to inject into the trial the fact that this defendant at another time and place, and since the time here complained of, had been caught making liquor. The attempt upon the solicitor's part to inject into this trial this patently illegal, irrelevant, immaterial, and incompetent evidence was repeated several times, and this, after the court had sustained the defendant's objections to the questions thus propounded. The manner of the solicitor in asking these improper questions, and his conduct in this connection before the jury, was manifestly improper and unfair to defendant, and of necessity tended to prejudice the defendant to the extent that a fair and impartial trial could not be accorded him. Counsel for defendant, realizing the highly unfavorable and prejudicial status thus engendered, very promptly and properly moved the court that a mistrial be declared and the case be taken from the jury on account of the improper and prejudicial conduct of the solicitor in persisting and continuing to ask these improper questions, even though the court had ruled that they were improper and had made a request of the solicitor to avoid that line of inquiry. Matters of this kind are largely within the discretion of the court; but that discretion is not an unbridled or unlimited one, and if it appears, as here, this discretion has been abused to injury of the substantial rights of the accused, the ruling will be revised and corrected.

A circuit solicitor, representing, as he does, the state in all criminal cases, is an important officer, and necessarily holds and wields great power and influence which the office carries. This power and influence should never be exercised or used to the extent of perverting a prosecution into a persecution, for this is no part of the duties which, under the law, a solicitor is required to perform. To willfully, knowingly, and insistently endeavor to inject into a case matters wholly illegal and inadmissible, in order to fasten a conviction upon a person charged and on trial for a criminal offense, should not be indulged and cannot be approved or condoned.

"A defendant is entitled to a fair trial by jury according to the law and the evidence, and such trial should be free from any appeal to prejudice or other improper motive; * - * * it cannot, however, be seriously doubted but that the poison that had been injected would be difficult to eradicate; and in this case, when all the facts are taken into consideration, it does not clearly appear that a perfectly fair trial, without undue burden, prejudice, and bias, was accorded the defendant." Cassemus v. State, 16 Ala. App. 61, 75 So. 267.

The question of the guilt of this defendant, under the evidence in this case, rested upon inference only; there was no direct or positive evidence as to his guilt; therefore the several wrongful attempts of the solicitor to inject into this case the extraneous facts above indicated, coupled with his actions and mannerisms in so doing, from every viewpoint created an atmosphere before the jury of a most serious, erroneous, and injurious nature.

The question hereinabove discussed is properly presented. Appellant's insistence in this connection must be sustained.

Reversed and remanded.

SAMFORD, J. I am concurring in the conclusion to a reversal of this case, as I am of the opinion that the solicitor went too far, after being cautioned by the court, in injecting prejudicial and illegal matter into the trial of the case.