(115 So. 149)

## MITCHELL v. STATE. (3 Div. 572.)

Court of Appeals of Alabama. Jan. 17, 1928.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. ■ Section 4622 of the Code of 1923 provides penalties for the violations of certain statutes, one of which we here have for consideration. In this section there is provided special punishment for second and subsequent violations of the prohibition law. In this case the solicitor in drawing the indictment incorporated an allegation to the effect that the defendant "has heretofore been convicted of violating the prohibition laws of the state." This averment

does not render the indictment subject to demurrer, but is proper to put the court on notice that upon conviction it will be the court's duty to make inquiry to ascertain if a prior conviction has been had against the defendant. 31 Corpus Juris, 775, par. 335; People v. Boyle, 64 Cal. 153, 28 P. 232; State v. Moore, 121 Mo. 514, 26 S. W. 345, 42 Am. St. Rep. 542.

The averment as to prior conviction relates to the punishment only, and in this state is an inquiry addressed to the court whose sole duty it is to sentence to hard labor. Reg v. Clark, 6 Cox Crim. Cases 210. State v. Moore, supra; Lyles v. State, 18 Ala. App. 62, 88 So. 375.

Upon the trial of the defendant on the indictment the state will not be permitted to introduce evidence of other and prior offenses not connected with the offense for which the defendant is then being tried. Lyles v. State, supra; Abrams v. State, 17 Ala. App. 379, 84 So. 862; Riggan v. State, 21 Ala. App. 482, 109 So. 888; Stowers v. State, 21 Ala. App. 501, 109 So. 561; Miller v. State, 21 Ala. App. 495, 109 So. 528; Schroeder v. State, 17 Ala. App. 246, 84 So. 309. It follows from what has been said that the court properly overruled defendant's demurrer to the indictment and his motion to strike.

It appears from the bill of exceptions that the solicitor was permitted to read to the jury, as a part of the state's case, an excerpt from the indictment as follows:

"The grand jury of said county charges that before the finding of this indictment Ocie Mitchell has heretofore been convicted of violating the prohibition laws of Alabama."

On objection being made to this by defendant, the objection was promptly sustained. Motion was then made by defendant to withdraw the case from the jury and for a continuance. This motion was overruled. Following this and while state's witness Kimbrough was testifying and after this witness had testified to the facts incident to the offense for which defendant was then being tried, Kimbrough testified: "Oh; I caught him before." On motion by defendant this testimony was excluded; but a motion by defendant to declare a mistrial and for a continuance was again overruled. The court in making this last ruling expressed a doubt as to whether the damage to defendant could be eradicated from the minds of the jury and seems to have yielded in this ruling more to the assurance from the solicitor, "if this defendant is convicted it would not be reversible error," than to the impression made on the judicial mind by the incidents of the trial. It was error for the solicitor to read to the jury an excerpt from the indictment which declared as a solemn finding of the grand jury that the defendant had been previously convicted of a similar crime. It was error for the witness to testify that defend-

ant had been "caught before." The trial court recognized these as errors and so ruled. He should have gone further and by charge and instruction impressed the jury as to the grave injustice that had been done the defendant. Even then we doubt if the injury could have been eradicated. The first duty of a trial judge in a criminal case is to see that the defendant on trial receives a fair and an impartial trial according to the forms of law and when a prosecuting officer oversteps the bounds of propriety and injects into the trial prejudicial matter, which will probably affect the verdict, a mistrial should be ordered and the case continued. Whitfield v. State, 21 Ala. App. 490, 109 So. 524.

The indictment contained a count charging defendant with maintaining unlawful drinking places. Evidence of similar purchases of whisky at other times, but from defendant at his place of business, were admissible as tending to prove count 5 of the indictment.

Adkins was the principal state's witness. He testified that on two occasions, once in July and once in September, he bought one-half pint of whisky from defendant at his place of business; that on both of these occasions "a lady" was with him. Upon being asked by the defendant on cross-examination who the lady was, what was her name, the state objected and the court sustained the state's objection, to which exception was reserved. What possible legal objection there was to this question we are unable to see. It was on cross-examination and was a part of the res gestæ. The defendant was entitled to know the name and address of this witness, so that if the defendant so desired subpœna might issue to obtain her testimony. Adkins says he bought the whisky from defendant. Defendant says he did not. This witness knew the true facts and would have undoubtedly corroborated the one or the other. The defendant was entitled to the information called for by questions asked. The chivalry of the trial judge in trying to protect the lady may be commended, but the legal effect is error. 16 Corpus Juris, p. 573, § 1114. Huston v. State, 21 Ala. App. 472, 109 So. 384.

The fifth count of the indictment charged that the defendant was maintaining an unlawful drinking place. This is a continuing offense, and evidence tending to prove that persons at different times covered by the indictment bought liquor from defendant at this same place and under similar circumstances is relevant as tending to prove the character of the place. Brannon v. State, 16 Ala. App. 259, 76 So. 991.

The witness Adkins testified that at the times he purchased the whisky from defendant on July 28th and September 27th he made and pasted on the bottles respectively the following statement: "This whisky was

purchased by me from Ocie Mitchell July 28, 1926, at 9:50 p. m. signed J. W. Adkins." And: "This whisky was purchased by me from Ocie Mitchell September 27, 1926, at 8:10 p. m. signed J. W. Adkins." Adkins testified as to both transactions independently of the memoranda, which he says he made and pasted on the bottles. This memoranda was objected to, objection was overruled, and exception reserved. The rule, as stated in Deal v. Hubert, 209 Ala. 18, 95 So. 349, is:

"A written memorandum, though made by a witness himself at the time of the transaction recorded, does not become evidence unless the witness testifies, after consulting the memorandum, that he then has no independent recollection of the matters recorded, but that he nevertheless, at about the same time he made the memorandum, knew the facts, and knew that it was a correct statement of the matters recited."

A memorandum is but secondary evidence of the facts of which it speaks, the primary evidence is the knowledge of the witness, if he is able to testify truly as to the facts mentioned independently of the memorandum, and it is only when this primary proof is not available that resort may be had to secondary evidence. Bradley v. State, 21 Ala. App. 539, 110 So. 157; 10 R. C. L. 909, par. 63.

There was sufficient evidence in this case to authorize the court to admit evidence of other whisky being found in proximity to defendant's place of business. If in fact the defendant was a bootlegger, engaged in the nefarious business of selling whisky, any whisky put up in convenient packages and in close proximity to defendant's place and readily accessible to him would be relevant as tending to prove the charge.

No election in this case was required. For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.