42 So.2d 642

## ROGERS v. STATE.
### 7 Div. 7.

Court of Appeals of Alabama.
July 19, 1949.

Rehearing Denied Oct. 5, 1949.

Irby A. Keener, of Centre, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

618

**HARWOOD, Judge.**

This appellant has been convicted of violation of the State prohibition law. Code 1940, Tit. 29, § 92 et seq. The affidavit filed in this case contains the averment: "That W. C. Rogers has heretofore been convicted of a similar offense."

Our prohibition statute provides special punishment for those convicted a second or a third time of its violation.

In view of this it has been held proper to aver in the affidavit or indictment charging violation of this law that the accused has theretofore been convicted of a like or similar offense.

In Mitchell v. State, 22 Ala.App. 300, 115 So. 149, 150, this court held:

"The averment as to prior conviction relates to the punishment only, and in this state is an inquiry addressed to the court whose sole duty it is to sentence to hard labor. Reg v. Clark, 6 Cox Crim. Cases 210. State v. Moore, supra [121 Mo. 514, 26 S.W. 345, 42 Am.St.Rep. 542]; Lyles v. State, 18 Ala.App. 62, 88 So. 375.

"Upon the trial of the defendant on the indictment the state will not be permitted to introduce evidence of other and prior offenses not connected with the offense for which the defendant is then being tried. Lyles v. State, supra; Abrams v. State, 17 Ala.App. 379, 84 So. 862; Riggan v. State, 21 Ala.App. 482, 109 So. 888; Stowers v. State, 21 Ala.App. 501, 109 So. 561; Miller v. State, 21 Ala.App. 495, 109 So. 528; Schroeder v. State, 17 Ala.App. 246, 84 So. 309. It follows from what has been said that the court properly overruled defendant's demurrer to the indictment and his motion to strike."

The above holding is not entirely in harmony with Ex parte State ex rel. Davis, 206 Ala. 546, 90 So. 278, which appears to hold that where a prior conviction is averred in the indictment, or information, charging a violation of our prohibition law, such averment renders relevant and admissible the indicated evidence of former conviction.

This aside, it appears that in the trial below, during the examination of C. M. Garrett, Sheriff of Cherokee County, as a witness for the State, the following rulings were made by the trial judge:

"Q. Have you arrested Mr. Rogers before this time?

"Mr. Keener: We object.

"Court: Overruled.

"Mr. Keener: We except; prior arrest would not have anything to do with this.

"A. Yes sir.

"Q. Were you present when he was convicted in the Court?

"Mr. Keener: We object higher and better evidence.

"(No ruling before answer)

"A. Yes, sir.

"Court: Sustain objection.

"Mr. Keener: We move to strike the answer.

"Court: Sustain motion to strike answer."

The net result of such rulings was the admission of evidence to the effect that the Sheriff had arrested the appellant "before this time."

■■ While a prior conviction for violating the prohibition law would be admissible in view of the averment contained in the affidavit, certainly a prior arrest, even though it be for violation of the prohibition law, would not. As framed the question does not specify what the prior arrest was for.

It is noted that only a general objection was interposed to the question relative to the prior arrest. However, the evidence sought is manifestly illegal, and obnoxious to all rules of evidence. Under such circumstances a general objection is sufficient. Helms v. State, ante, p. 82, 37 So.2d 229; certiorari denied, 251 Ala. 275, 37 So.2d 231.

For the error above discussed this cause is ordered reversed and remanded.

Reversed and remanded.

BRICKEN, P. J., not sitting.