48 So.2d 443

**USREY v. STATE.**

**7 Div. 63.**

Court of Appeals of Alabama.
June 20, 1950.

Rehearing Denied Aug. 8, 1950.

---

Ellis & Fowler, of Columbiana, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

Howard Usrey was indicted by a grand jury of Talladega County, Alabama on two counts, the first of which was for distilling and the second was for possessing a still.

The trial of the cause resulted in a conviction of the defendant as charged in the indictment.

According to the record this occurred at the time the deputy solicitor made his opening statement to the jury:

"Mr. Teel, Deputy Solicitor, read the indictment to the jury, and added 'Mr. Usrey is also under indictment for perjury.' Mr. Ellis, Attorney for Defendant, stated to the Court: 'We move that that be excluded (sic)—that improper statement—and move for a mistrial.'

"The statement was excluded from the consideration of the jury by the court but motion for mistrial was overruled, to which Mr. Ellis excepted."

Our approach here is to determine whether or not reversible error should be charged on account of the court's refusal to declare a mistrial.

Generally speaking, a mistrial is no trial. If, because of something that transpired or occurred during the progress of the trial, it is made clearly to appear that justice cannot be done, the proceeding should be discontinued and a mistrial ordered.

It is often difficult to decide whether or not the substantial rights of a party litigant have been injuriously affected by some event, incident, or happening which transpired during the progress of a trial.

The courts recognize that some occurrences, by their very nature and import, are so grossly improper and highly prejudicial to the rights of the accused that neither retraction by counsel nor action by the trial court can destroy their sinister influences. Under these circumstances, the only proper course left to the trial judge is to declare a mistrial if the appropriate request is made. This action should be taken if the judge is convinced that the prejudicial matter which was injected into the proceedings will probably affect the verdict of the jury and deny to the defendant a fair and impartial trial.

In the case of Gallman v. State, 29 Ala. App. 264, 195 So. 768, 774, the solicitor stated to the court in the presence and hearing of the jury that there were a number of indictments against the defendant. The prosecuting officer did not state for what offenses the defendant had been indicted.

In response this court held: "The only effect of that statement by the solicitor was the placing before the jury illegal

matter which the solicitor must have known was being presented to their consciousness and which was impossible to be eradicated from their minds. * * * It is the opinion and judgment of this court that the trial court committed reversible error; first, in not excluding said improper and unfair statement made by the solicitor from the consideration of the jury, and, second, *in not withdrawing said case from the consideration of the jury and then and there declaring a mistrial."* (Emphasis ours.)

In the case of Mitchell v. State, 22 Ala. App. 300, 115 So. 149, 151, the solicitor, as a part of the State's case, read to the jury this excerpt from the indictment: "The grand jury of said county charges that before the finding of this indictment Ocie Mitchell has heretofore been convicted of violating the prohibition laws of Alabama."

Objections were sustained to this statement. The motion to declare a mistrial was overruled. Evidence in support of this averment of the indictment was excluded by the court. The motion to declare a mistrial was renewed and again overruled.

Judge Samford writing for this court stated: "The trial court recognized these as errors and so ruled. He should have gone further and by charge and instruction impressed the jury as to the grave injustice that had been done the defendant. *Even then we doubt if the injury could have been eradicated."* (Emphasis ours.)

It is to be noted that this case has not been followed in respect to the immateriality of this averment and proof in support thereof. Rogers v. State, 34 Ala.App. 617, 42 So.2d 642.

We cite the case to illustrate the mind of the court when accusations of other offenses are directed against the defendant.

In the case of Patterson v. State, 21 Ala. App. 22, 104 So. 866, in his opening statement to the jury the prosecuting officer remarked: "We also expect the evidence to prove that the defendant was serving a term in the penitentiary, and was out on parole at the time he was caught with this automobile in his possession."

The court sustained the defendant's objection to this statement, but despite this action we predicated reversible error on the ruling denying the motion for a mistrial.

We could cite *many* authorities which treat the general doctrine underlying the right of an accused to a fair, unprejudiced trial and the duty of the court to declare a mistrial if this privilege has been denied.

In the case at bar the accused was not found at the still place by the raiding officers. His conviction in the main depended upon the testimony of admitted accomplices. The appellant testified in his own behalf and denied that he was in any manner connected with the operation of the still or its possession. He introduced considerable evidence to support his contention.

The jury was not authorized to capriciously reject the defendant's testimony. It had a right and it was its duty to weigh it in the light of and in consonance with well defined legal rules. We entertain a serious doubt that this could have been done, after the jury was advised that the appellant also stood indicted for perjury. His trial should not have been ladened with this serious accusation.

■ It was reversible error for the court to deny the motion for a mistrial.

Counsel in brief urges that the corroborating evidence of the accomplices was not sufficient to meet the demands of the statute. We will not respond to this insistence. To do so would entail a discussion and analysis of the evidence. For obvious reasons we should pretermit any treatment of this question.

For error indicated the judgment below is ordered reversed and the cause remanded.

Reversed and remanded.